[No. 6750.   Decided December 10, 1907.]

BARNARD BRIGHT, *Respondent,* v. HANOVER FIRE INSURANCE COMPANY, *Appellant.*[1]

EVIDENCE—PAROL—TO VARY WRITING.  A stranger to a written contract, cannot, in a controversy with one of the parties thereto, object to oral evidence on the ground that it contradicts the terms of the writing.

APPEAL — RESERVATION OF GROUNDS — OBJECTIONS TO EVIDENCE. Error in the admission of evidence cannot be urged on appeal, where only one objection to that character of evidence was made and the objection was not ruled upon nor the question answered.

INSURANCE—INSURABLE INTEREST—PROPERTY UNDER CONTRACT OF SALE—ESCROWS—PROOF OF SPECIAL INTEREST.  Where, pending a purchase of personal property, the conveyance was placed in escrow, and the condition for delivery was not complied with at the time of

[1]Reported in 92 Pac. 779.

a loss by fire, the general property remains in the vendor, and the vendee, although in possession, cannot recover on a policy of fire insurance taken out by him, in the absence of proof of the value of his special interest in the property; personal property not being within the provisions of the valued policy law.

SAME—VALUED POLICY LAW. The valued policy law (Laws 1899, p. 332), applies to a policy of fire insurance taken out by a vendee having a special interest in hotel property (real estate), by reason of a conveyance in escrow, the conditions for delivery of which were not performed at the time of the loss; and thereunder the amount of insurance written in the policy is conclusively taken as the true value of the insured's special interest.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered December 21, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a policy of fire insurance. Modified.

*Granger & Magill*, for appellant.

*Bostwick & Mulvihill*, for respondent.

RUDKIN, J.—On the 30th day of December, 1905, O. L. Allen was the owner of a certain hotel building at Arlington, in Snohomish county, together with the furniture and fixtures therein situated. On the above date he entered into a contract with the plaintiff Bright, whereby he executed and placed in escrow a deed and bill of sale conveying and transferring the hotel building and personal property to the plaintiff. The escrow agreement provided that Allen should remove certain clouds and encumbrances against the property on or before March 15, 1906; that the plaintiff should deposit in escrow a conveyance of certain property owned by him, together with a release of a mortgage against it, and that, if Allen should fail for any reason to comply with the terms of the escrow agreement, the respective deeds should be returned and the agreement to convey should thereupon terminate and be at an end. On the 8th day of January, 1906, the plaintiff entered into possession of the hotel property under an oral

agreement with his vendor, and placed therein personal property of his own of the value of $290.92. On the 18th day of January, 1906, the defendant company executed and delivered to the plaintiff its policy of insurance, covering $1,100 on the hotel building; $337.50 on the furniture and fixtures; and $62.50 on the bar and bar fixtures. On the 19th day of February, 1906, the hotel building and furniture were totally destroyed by fire, and the present action was instituted to recover the amount of the insurance. From a judgment in favor of the plaintiff for the full amount claimed, the present appeal is prosecuted.

Numerous errors are assigned in the appellant's brief, but the assignments have all been discussed under three general heads, and we will pursue the same course. It is first contended that the court erred in permitting the respondent to prove that he entered into possession of the hotel property under an oral agreement with his vendor, because such testimony tended to vary and contradict the terms of the escrow agreement. We deem it unnecessary to determine whether the testimony offered did in fact vary or contradict the terms of the escrow agreement, for the appellant here was not a party to that agreement, and in such cases the rule now invoked by it has no application.

"The rule excluding parol evidence to vary or contradict a written instrument applies only in controversies between the parties to the instrument and those claiming under them. It had no application in controversies between a party to the instrument on the one hand and a stranger to it on the other, for the stranger not having assented to the contract is not bound by it, and is therefore at liberty when his rights are concerned to show that the written instrument does not express the full or true character of the transaction. And where a stranger to the instrument is thus free to vary or contradict it by parol evidence his adversary, although a party to the instrument, must be equally free to do so. This has been held to be true in the case of writings of all kinds, as for example, deeds, mortgages, leases, bills of sale, licenses,

insurance policies, and contractual receipts. And even a judicial record is not conclusive upon persons not parties or privies to the action or proceeding." 17 Cyc. 749.

It is next contended that the court erred in permitting the respondent to prove that the appellant's agent had actual notice of the nature of the respondent's claim or title to the hotel building and contents at the time the policy in suit was issued. The record before us does not present this question. Only one objection to this character of testimony was interposed by the appellant. That objection was not ruled upon, and the question to which the objection was interposed was never answered. We cannot, therefore, consider this assignment.

It is next contended that inasmuch as the deed and bill of sale to the hotel property and contents were in escrow, and the condition upon which they were to be delivered over uncomplied with, at the time of the destruction of the property by fire, the general property in the hotel and contents was in Allen at the time of its destruction, and the consequent loss fell upon him and not upon the respondent. This contention must be upheld. *Kinney v. Hickox,* 24 Neb. 167, 38 N. W. 816; *Phoenix Ins. Co. v. Kerr,* 129 Fed. 725; *Phinizy v. Guernsey,* 111 Ga. 346, 36 S. E. 796.

Based on this last contention, the appellant further contends that though the respondent may have had an insurable interest in the property by reason of his possession, yet the recovery must be limited to the value of that interest, and, inasmuch as the value of his special interest was not proved, no recovery can be had except for the value of the personal property of which he was the unqulaified owner. This contention must likewise be upheld, unless the respondent is entitled to recover under the provisions of the valued policy law of this state. Laws 1899, page 332. Section 2 of that act, so far as material here, provides as follows:

"Whenever any policy of insurance shall be hereafter written or renewed insuring real property, or any building or

structure erected thereon or connected therewith, and the property insured shall be wholly destroyed without criminal fault on the part of the insured, or his assigns, the amount of insurance written in such policy shall be taken conclusively to be the true value of the property when insured, and the true amount of the loss and measure of damages when destroyed."

The appellant contends that this section does not apply where the interest of the insured is a limited or qualified one, such as that of a tenant, a purchaser in possession, etc., but with this contention we are unable to agree. The valued policy law is founded on what the legislature regarded as sound public policy, and was no doubt intended to relieve the insured from the burden of proving the value of his property after its total destruction, and to prevent insurance companies from receiving premiums on overvaluations and thereafter repudiating their contracts as soon as it becomes to their interest to do so. The law in terms applies to insurance on real property or any building or structure erected thereon or connected therewith, and the insurance now under consideration, in so far as it affects the hotel building, is of that class.

In *King v. Phoenix Ins. Co.*, 195 Mo. 290, 92 S. W. 892, 113 Am. St. 678, a contractor took out insurance in the sum of $750 on a church building in course of construction or repair. The building was destroyed by fire, and in an action on the policy the company offered to prove that the plaintiff's interest in the property at the time of its destruction was $108 only. The testimony was excluded, and the judgment was affirmed on appeal, the court holding that the case was controlled by the provision of the valued policy law of that state which does not differ materially from our own. In *Oshkosh Gas-Light Co. v. Germania Fire Ins. Co.*, 71 Wis. 454, 37 N. W. 819, 5 Am. St. 233; *Queen Ins. Co. v. Jefferson Ice Co.*, 64 Tex. 578; *Havens v. Germania Fire Ins. Co.*, 123 Mo. 403, 27 S. W. 718, 45 Am. St. 570, 26 L. R. A. 107, and numerous other cases that might be cited, the courts hold that

the valued policy law applies in cases of concurrent insurance, and we perceive no sound reason for holding that the act does not apply to insurance on special or limited interests in real property; on the contrary, we think the plain reason and policy of the law require us to hold otherwise. It is doubtless true, as contended by the appellant, that the aggregate insurance on the several parts may exceed the value of the whole, but so may a single policy, and so may concurrent policies. To a certain extent the law undoubtedly gives legal sanction to wagering contracts, but the policy of such a law is for the legislature and not for the courts. The valued policy law, however, does not apply to the insurance on the personal property contained in the hotel, and inasmuch as the respondent was not the owner thereof, at the time of its destruction, and the value of his special interest therein, if any, was not shown, the recovery must be limited to the insurance on the hotel building and the $290.92 on the personal property owned by the respondent. *Tabbut v. American Ins. Co.*, 185 Mass. 419, 70 N. E. 430, 102 Am. St. 353; *Davis v. Phoenix Ins. Co.*, 111 Cal. 409, 43 Pac. 1115.

The judgment of the court below is therefore modified by limiting respondent's recovery to the sum of $1,390.92, with legal interest from February 19, 1906, and as thus modified the judgment is affirmed. The appellant will recover its costs in this court.

FULLERTON, MOUNT, and DUNBAR, JJ., concur.

HADLEY, C. J. and CROW, J., took no part.