## Mississippi Fire Ins. Co. *v.* Planters' Bank of Tunica.*

(Division B.   Feb. 9, 1925.)

[103 So. 84. No. 24624.]

1. INSURANCE. *Lessee has insurable interest; lessee may recover full amount of fire policy issued to him on leased premises.*

   Under valued policy law, Hemingway's Code, section 5056 (Code 1906, section 2592), lessee has insurable interest in leased premises, and may recover the full amount of fire policy issued to him, and not merely the value of leasehold.

2. CONSTITUTIONAL LAW. *Whether statute is wise not question for court.*

   Court will not concern itself with question of whether a statute is wise or unwise.

3. CONSTITUTIONAL LAW. *Valued policy law held not violative of equal protection clause.*

   Valued policy law, Hemingway's Code, section 5056 (Code 1906, section 2592), entitling lessee, to whom fire policy covering leased premises has been issued, to recover full amount of policy, and not merely value of unexpired lease, *held* not violative of equal protection clause of Constitution.

4. CONSTITUTIONAL LAW. *Insurance. Valued policy law held not violative of due process clause.*

   Valued policy law, Hemingway's Code, section 5056 (Code 1906, section 2592), entitling lessee, to whom fire policy covering leased premises has been issued, to recover full amount of policy, and not merely value of unexpired lease, *held* not violative of due process clause of Constitution.

5. INSURANCE. *Fire policy issued to lessee, entitling lessee to full amount of policy, and not merely to value of unexpired lease, held not contrary to public policy.*

   Fire policy covering leased premises, issued to lessee and entitling lessee, under valued policy law, Hemingway's Code, section 5056 (Code 1906, section 2592), to full amount of policy, and not merely value of unexpired lease, *held* not contrary to public policy.

---

*Headnotes 1.   Fire Insurance, 26 C. J., sections 16, 453, 585; 2. Constitutional Law, 12 C. J., section 390; 3.   Constitutional Law, 12 C. J., section 898; 4.   Constitutional Law, 12 C. J., section 1083; 5. Fire Insurance, 26 C. J., section 453.

APPEAL from circuit court of Tunica county.

HON. W. A. ALCORN, JR., Judge.

Action by the Planters' Bank of Tunica against the Mississippi Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

*Wells, Stevens & Jones,* for appellant.

Before getting into the merits of the argument, see sections 2332 and 2333, Hemingway's Code. Under the laws of the state of Mississippi a lessee is not required to rebuild the destroyed buildings unless he contracts to do so. The rule at common law was just the reverse and where the lessee had contracted to keep in repair, the law required that he rebuild where the building was accidentally destroyed by fire. One reading the statute in connection with the above section of the lease can readily see that Wells was in no way obligated to rebuild the dwelling destroyed; on the other hand the above section absolutely relieved him from such a duty. See, *Fowler & Moore* v. *Payne,* 49 Miss. 32, which held: A covenant to repair is equivalent to a covenant to rebuild. The rule of *Fowler* v. *Payne,* was the rule at common law and followed by every state in the Union for many years. Section 2332, Hemingway's Code, has relieved the lessee of this burden, and he now has no financial interest in the premises occupied as lessee. See, also, section 2333, Hemingway's Code; *Taylor* v. *Hart,* 73 Miss. 22.

What is insurable interest? Reasons for rule. 26 C. J. 18; 1 Briefs of the Law of Insurance by Cooley, 136, 143; *Insurance Co.* v. *Butler,* 38 Ohio 128. There are a number of cases which hold that a lessee has an insurable interest in the property under lease. Careful examination of these cases will disclose that not one of them was decided under a state statute similar to our statute releasing the lessee from all obligation to pay for or rebuild a building destroyed by fire. The court should distinguish between cases of this kind and a case like the case at bar. Some of the important cases show-

ing that the above contention is true, are: *Hidden* v. *Slater Mutual Fire Ins. Co.,* 2 Cliff. 266; *Ely* v. *Ely,* 80 Ill. 532; *Imperial Fire Ins. Co.* v. *Murray,* 73 Pa. 13; May on Insurance, sec. 83.

If this court should go to the bottom of what is or is not a wager, or what constitutes an insurable interest, the court would find that insurance started principally as marine insurance and some of the fundamental principles have been settled in the early cases in both marine and life policies. The court will, also, find that mischiefs were so great that it led to the enactment of the English statute, 14 G. 3 c. 48 (1774): The English Parliament, also, enacted, 19 G. 2, c. 37. These statutes had their influence on American jurisprudence and became a part of the public policy of our nation. *Pritchet* v. *Insurance Co. of North America,* 3 Yeates (Pa.) 457; *Ellmaker* v. *Franklin Fire Ins. Co.,* 6 W. & S. 439; *Conn. Life Ins. Co.* v. *Schaefer,* 94 U. S. 457; *Warnock* v. *Davis,* 104 U. S. 775; *Exchange Bank of Macon* v. *Loh,* 104 Ga. 446, 44 L. R. A. 372.

Testing the case at bar by the principles of the foregoing case, the lessee, Wells, did not own the building which he undertook to insure in his own name, and, in the light of the Mississippi statutes, had no insurable interest. If a lessee or tenant can take possession and insure buildings to the full value and then collect that full value under the Mississippi statute commonly called the valued policy law, then a wide avenue is opened up for the grossest kind of fraud and imposition. We are not charging Mr. Wells with any fraud in the case at bar; we are not charging the Planters Bank of Tunica with any fraud. We are arguing and relying upon a principle of law sustained by sound public policy and, we think, sustained by the general principles of insurance law, domestic and foreign. *Howard Fire Ins. Co.* v. *Chase,* 18 L. Ed. 524; *Hamburg Bremen Fire Ins. Co.* v. *Lewis,* 4 App. D. C. 80.

We have no question here of an agent who has obligated to keep the premises insured for the benefit of

the owner, or any question of a trustee or fiduciary. We have a plain case where the lessee undertakes to trans·fer the title of the landlord to himself through the medium of an insurance company. If the insurance in this case is valid at all, the proceeds should belong to the landlord and not the lessee. It is our contention that the insurance is absolutely void. If appellee can recover at all the amount of his recovery for the building should be limited to the value of his unexpired lease and any damage thereto by reason of the fire. *Getchell* v. *Mercantile & Manufacturers Mut. Fire Ins. Co.* (Me.), 83 Atl. 801.

*Dulaney & Jaquess,* for appellee.

I. Public policy. Courts with reluctance permit company to escape its obligation. *Orrell* v. *Mfg. Co.,* 83 Miss. 800; 6 R. C. L. 710; 13 C. J. 427; *Steen* v. *Modern Woodmen,* 296 Ill. 104, 129 N. E. 546, 17 A. L. R. 407.

II. Public policy permits the tenant to insure and recover the value of the property insured. *Georgia Home Ins. Co.* v. *Jones,* 49 Miss. 80; *Home Ins. Co.* v. *Gibson,* 72 Miss. 58.

III. The valued policy law applies, although the assured is not full owner. *Aetna Ins. Co.* v. *Heidelburg,* 112 Miss. 46, 72 So. 852; *Ins. Co.* v. *Antram,* 86 Miss. 224.

IV. Sections 2332 and 2333, Hemingway's Code, leave tenant under common-law obligation where loss is due to his negligence. *Hope etc. Co.* v. *Assurance Co.,* 74 Miss. 320, 14 R. C. L. 910, 14 R. C. L. 915; Secs. 2332 and 2333, Hemingway's Code; 14 R. C. L. 1223; *Ins. Co.* v. *Lawrence,* 10 Peters, 507, 9 U. S. (L. Ed.) 512; *Nash* v. *American Ins. Co.,* 174 N. W. 378, 10 A. L. R. 724.

V. Wells was obligated to rebuild under the contract and its construction by the parties to it. Clause from Lease Contract; *Spengler* v. *Lumber Co.,* 94 Miss. 780, 48 So. 966; 6 R. C. L. 852.

VI.   Authorities from other states.   *Orient Ins. Co.
v. Daggs,* 172 U. S. 557, 43 L. Ed. 552; *Western Assur-
ance Co.* v. *Stoddard* (Ala.), 7 So. 379; *Getchell* v. *Ins.
Co.,* 109 Me. 274, 83 Atl. 801; 1913-E Ann. Cas. 738 and
note; *Kludt* v. *Ins. Co.,* 152 Wis. 637, 140 N. W. 321,
1914-C Ann. Cas. 609; *Santa Clara Female Academy* v.
*Ins. Co.,* 98 Wis. 257, 67 Am. St. Rep. 805; *Siemers* v.
*Ins. Co.,* 144 Wis. 114, 126 N. W. 669, 139 Am. St. Rep.
1083; 26 C. J. 358; *La Font* v. *Ins. Co.* (Mo.), 182 S. W.
1029; *Home Ins. Co.* v. *Coker,* 43 Okla. 331, 142 Pac. 1195,
1917-C Ann. Cas. 950; *Fowle* v. *Springfield Ins. Co.,* 122
Mass. 191, 23 Am. St. Rep. 308.

VII.   The value of the furniture was sufficiently
proved.  *Cooper* v. *State,* 53 Miss. 393; *Carberry* v. *Burns,*
68 Miss. 573.

*Wells, Stevens & Jones,* in reply for appellant.

I.   Appellee admits that all of the courts of this coun-
try are in accord on the question of overthrowing con-
tracts on the ground of public policy, but appellee fails
to show that all of the courts strike a different attitude
where the contract involved is one of insurance.   Under
an insurance contract the damage to the public is far
greater than under any other contract and the courts have
held that the contract of insurance as one of indemnity
requires that insured shall have some interest in the
property which will be injuriously affected or imperilled
by the destruction or the injury to the property by fire;
Citing:  26 C. J. 18; *Howard Fire Ins. Co.* v. *Clash,* 5
Wall. 509; *William* v. *North Germany Ins. Co.,* 24 Fed.
625.

Appellee cites 6 R. C. L. 710, on the general subject of
public policy, but fails to give to the court the benefit of
6 R. C. L., sec. 120.   In order that the court may not be
misled by the cases cited in appellee's brief, see cases

touching on the question of wagering contracts and pub-
lic policy. 1 Briefs on the Law of Insurance by Cooley,
p. 136; *King State* v. *Mutual Fire Ins. Co.,* 7 Cush. 1;
*Ins. Co.* v. *Butler,* 38 Ohio 128.   .

We follow with interest the arguments of counsel by
which he attempts to establish an insurable interest in
a lessee who, by the laws of this state, is relieved of the
necessity of rebuilding and is, also, relieved from the
further paying of rent after the destruction of the leased
building. We have searched the brief of appellee from
beginning to end and have not found a single case de-
cided under a state statute similar to our statute releas-
ing the lessee from all obligation to pay for or rebuild
the building destroyed by fire.

Appellee relies entirely on the two cases of *Georgia
Home Ins. Co.* v. *Jones,* 49 Miss. 80 and *Home Ins. Co.
of N. Y.* v. *Gibson,* 72 Miss. 58, and insists that it is ab-
solutely necessary for the court to overrule these cases
and declare a new rule of public policy different from
that which had been declared at the time the policy was
issued. For answer to these contentions it is only neces-
sary for the court to consider carefully the facts in the
two above cases.

Valued policy law does not apply. Appellee, in its
exhaustive brief, has cited two cases in an attempt to
show the court that the valued policy law should apply in
this case. Appellee has cited cases which we believe
we can in a few words show the court are absolutely not
in point.

It is our contention first, that under the laws of the
state of Mississippi, a lessee has no insurable interest
in the property occupied by him under a lease; second,
if the court holds that a lessee has an insurable interest,
the valued policy law does not apply, and the lessee can
recover under the policy only the value of his right to
live for one year in the building destroyed. Section
5056, Hemingway's Code; *Neblett* v. *Neblett,* 112 Miss.
550; 22 Am. & Eng. Enc. of Law, 1374. Also, see, *Dil-
lingham* v. *Jenkins,* 7 S. & M. 479; *Faler* v. *McRea,* 56

Miss. 227; *Lumber Co.* v. *Harrison County,* 89 Miss. 448; 32 Cyc. 663.

The appellee in this case has completely overlooked the fundamental rule of insurance law that an insurance contract is purely a contract of indemnity, and what is insured is really not the property on which the policy is written, but the interest of the insured in the property. 1 Cooley on the Law of Insurance, p. 136.

Argued orally by *J. M. Stevens,* for appellant, and *Jno. W. Dulaney,* for appellee.

Holden, P. J., delivered the opinion of the court.

This is an appeal by the Mississippi Fire Insurance Company from a judgment for two thousand five hundred dollars in favor of the appellee, Planters' Bank of Tunica, upon a fire insurance policy covering a house and furniture totally destroyed by fire. The policy was issued to K. I. Wells for one thousand five hundred dollars, upon furniture, and one thousand dollars upon the residence which he occupied as a lessee. The policy of insurance recited that the dwelling house was occupied by the assured as lessee and stood upon leased premises. The exact language of the insurance policy in that respect is that the property is insured "while occupied as a dwelling by lessee (assured.)" The furniture was owned by Wells. The agent of the insurance company issuing the policy knew that Wells' interest in the dwelling was that of a lessee. After proof was made showing a total destruction of the property, the appellant, insurance company refused to pay the amount of the policy, and Wells, the assured, assigned the policy to the appellee, Planters' Bank of Tunica, and it brought this suit to recover the amount of the policy.

The controversy between the parties is only as to the payment of the one thousand dollars for the loss of the dwelling house; the appellant, insurance company, contending that it is not liable for the payment of the full

amount of one thousand dollars named in the policy, notwithstanding the "valued policy law," section 5056, Hemingway's Code (section 2592, Code of 1906), which in substance provides that an insurance company shall pay to the assured the amount named in the policy, because, as appellant urges, a lessee of a building has no insurable interest therein, and that the said valued policy statute has no application to policies issued in favor of lessees, but, if so, then the lessee can recover only the value of his unexpired lease, and that, if the valued policy law does not apply, then it is unconstitutional, and that the contract would be void as against public policy, in that it would be a wager contract. It is also urged that the lessee had no insurable interest in the building because his contract with the lessor does not bind the lessee to restore the building if destroyed by fire.

These questions as to whether a lessee has an insurable interest in the leased building, and whether or not he is limited in his recovery to the value of his leasehold, and may not rely upon the valued policy statute, which provides that the insured shall recover the full amount named in the policy, are not new questions in our state. This court has several times held that the lessee has an insurable interest in a leased building and that the measure of his recovery for total loss by fire is the full amount named in the policy, providing, of course, there be no fraud in securing the insurance. The case of *Home Ins. Co.* v. *Gibson,* 72 Miss. 58, 17 So. 13, plainly lays down this rule, and fits the case now before us and answers the contentions of appellant in every particular. There are other cases, namely, *Georgia Home Ins. Co.* v. *Jones,* 49 Miss. 80; *Ætna Ins. Co.* v. *Heidelberg,* 112 Miss. 46, 72 So. 852, L. R. A. 1917B, 253; Id. (Miss.) 72 So. 470 (opinion by Justice STEVENS), *Hope, etc., Co.* v. *Phœnix Assurance Co.,* 74 Miss. 320, 21 So. 132, and *Insurance Co.* v. *Antram,* 86 Miss. 224, 38 So. 626, which are decisive against the contention presented by appellant in the case at bar.

If we should sustain the views presented by the appellant, insurance company, on this appeal, it would be nec-

essary to overrule these cases, especially the case of *Home Co.* v. *Gibson, supra,* which completely overcomes the contention of appellant herein.

We decline to overrule these cases because they are sound, and are in accord with the statutory law on this subject. The valued policy statute has been the law for several decades, and the decision in the *Home Co.* v. *Gibson case* has been the law for about thirty years, and it holds that the lessee has an insurable interest, and may recover the full amount of the policy under the valued policy statute; and the many legislatures have had this decision before them since it was rendered and no change has been made in the valued policy law. Whether or not the valued policy law is wise or unwise is a matter about which this court is not concerned. It is the legislative will.

We do not think the valued policy statute is unconstitutional for any of the reasons, as to equal protection or due process, pointed out by the appellant; nor are its provisions against public policy, because the insurance company is under no duty to issue insurance to a lessee for any greater amount than the value of the leasehold. It enters into the insurance contract with its eyes open and receives the premium from the lessee with full knowledge of the situation, and such a contract does not, in our judgment, come within the condemnation of "a wager or gambling contract."

In the case before us the insurance company accepted the risk, received the premium, with full information that it was insuring the leased premises in favor of the lessee, and it knew the amount named in the face of the policy would, under the statute, be recoverable in the event of a total loss. In such a case we are not prepared to say there exists a public evil that should vitiate the contract as being against public policy.

The judgment of the lower court is affirmed.

*Affirmed.*