## 12485

### COCKFIELD v. FIREMEN'S INSURANCE CO.

#### (144 S. E., 71)

1. INSURANCE—WHETHER INSURER WAIVED RIGHTS UNDER CLAUSE OF FIRE POLICY REGARDING INCUMBRANCES HELD FOR JURY.—In action on fire insurance policy covering tobacco, question whether insurer waived rights under clause providing that insurer should not be liable for loss to property insured while incumbered by chattel mortgage, where insured property was mortgaged at time it was insured, *held* for jury.

2. INSURANCE—INSURER, KNOWING THROUGH AGENT OF EXISTENCE OF CAUSE OF FORFEITURE AT INCEPTION OF CONTRACT, IS ESTOPPED TO ASSERT FORFEITURE BY ACCEPTING PREMIUM AND DELIVERING FIRE INSURANCE POLICY.—Insurer, affected with knowledge of its agent and thus knowing existence of cause of forfeiture at inception of fire insurance contract, is estopped to assert such forfeiture by accepting premium and delivering policy as valid contract of insurance.

Before SHIPP, J., Florence, May, 1927.   Affirmed.

Action by R. L. Cockfield against the Firemen's Insurance Company.   From a judgment for plaintiff, defendant appeals.

*Messrs. James H. Fowles,* and *Henry E. Davis,* for appellant, cite: *Evidence of waiver:* 124 S. C., 173. *"Waiver:* 114 S. C., 183; 70 S. C., 75; 97 S. C., 375; 102 S. C., 313; 55 S. C., 450; 68 S. C., 387; 55 S. C., 589. *When notice of breach of policy before loss has not reached insurer until after loss, mere silence or non-action will not operate to bind the latter:* 25 L. R. A. (N. S.), 1. *Cases distinguished:* 102 S. C., 115. *As to imputation of agent's knowledge to principal:* 74 S. C., 368; 114 A. S. R., 1004.

*Mr. Philip H. Arrowsmith,* for respondent, cites: *Cited generally in support:* 88 S. C., 31; 102 S. C., 115; 115 S. C., 53; 124 S. C., 173. *"Agents":* Secs. 4088, 4089 (Code. *Imputation of agent's knowledge to principal:* 70 S. C., 295; 52 S. C., 224, 231; 123 S. C., 467.

July 16, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The policy which is the subject of this action, issued August 15, 1925, insured cured leaf tobacco owned by plaintiff, which was destroyed by fire on September 10, 1925. The case was tried before Judge Shipp and a jury at the May, 1927, term of the Court of Common Pleas for Florence County.   A motion for a directed verdict was refused, and a verdict was found for plaintiff in the sum of $3,000, and interest thereon.   From the judgment entered on this verdict, defendant appeals upon a single exception, in which the contention is made "that there was a chattel mortgage upon the property covered by the policy in violation of its condition and that there was no evidence of a waiver of

the defendant's right to avoid the payment of the insurance."

The policy contained the provisions:

"Chattel mortgage: Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage to any property insured hereunder while incumbered by a chattel mortgage.  *  *  *

"This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The testimony shows the following conditions: Dr. R. L. Cockfield, then residing and having an office at Johnsonville, wishing to take out insurance on the tobacco which was housed in a building near Johnsonville, applied for insurance to E. M. Husbands, who was not a licensed insurance agent, but who held himself out as having an insurance connection with the Lake City Insurance Agency, Lake City, S. C., the licensed agent of the defendant. A chattel mortgage on the tobacco was held by the South Carolina Agricultural Loan Association. This was known to Husbands, who appears, however, to have had nothing more to do with the matter than to request Mr. L. C. Poston, licensed agent representing the Lake City Insurance Agency, to call on Dr. Cockfield at his office. Mr. Poston talked over the matter of the proposed insurance with Dr. Cockfield, received full and complete answers so far as the record shows to all of the questions that he asked, took down the information that he deemed essential on the back of an envelope, and then took the information back with him to the Lake City insurance office in order to fix up the policies. There is no suggestion in the record that any of the statements made by ‘ Dr. Cockfield were incorrect or misleading, or that the agent, Poston, ever asked him any question concerning incumbrances on the tobacco. It was known to the Lake City

agency that the insured had been through bankruptcy, and that the agricultural interests of the Johnsonville section had been terribly hard hit for four or five years. The policy was written up at Lake City and sent by mail to the insured. A short while after the fire, Mr. Mell, an insurance adjuster, made an investigation and had Dr. Cockfield meet him at Lake City, and at this conference the insured was asked for the first time if he had a chattel mortgage on the tobacco. Upon his reply that he did, and his statement of the circumstances under which the application was taken, Mr. Mell said: "I am not sure if you have got any policy at all." After the fire, also, the time not definitely appearing in the record, the insured paid the Lake City Insurance Agency $28.50 on account of the premium. This payment was retained by the agency, and several weeks afterwards, the insured filed formal proof of loss. On December 11, 1925, this action was commenced. No tender of the return of the premium was ever made, but, in the answer to the complaint, it is alleged that the defendant "stands ready to return" this amount to plaintiff.

The defendant's motion for a directed verdict was refused by the Circuit Judge under the authority of *Whaley v. Fire Insurance Co.,* 124 S. C., 173; 117 S. E., 209. The facts of that case are very similar to this in many respects; and the well-considered analysis of other cases that was made in both the majority and dissenting opinions leaves but little further to be said on either side of the subject. The decision clearly controls the present action, and the Circuit Judge was bound thereunder to submit the issue of waiver to the jury.

A further reason for sustaining the judgment appears in the circumstances under which the policy was issued, which tend to impute notice to the defendant of the existence of the chattel mortgage. *Pelzer Manufacturing Co. v. Sun Fire Office,* 36 S. C., 213; 15 S. E., 562. *Graham v. Insurance Co.,* 48 S. C., 195; 26 S. E., 323; 59 Am.

St. Rep., 707. *Gandy v. Orient Insurance Co.,* 52 S. C., 224; 29 S. E., 655. *Madden & Co. v. Phœnix Insurance Co.,* 70 S. C., 295; 49 S. E., 855. *McCarty v. Piedmont Mutual Insurance Co.,* 81 S. C., 152; 62 S. E., 1; 22 L. R. A. (N. S.), 445.

"An insurance company, affected with knowledge of its agent and thus knowing the existence of a cause of forfeiture at the inception of the contract, is estopped to assert such forfeiture by accepting the premium and delivering the policy as a valid contract of insurance." *Doyle v. Hill,* 75 S. C., 261; 55 S. E., 446.

The judgment of this Court is that the judgment of the lower Court be, and the same is hereby, affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Cothran, Stabler, and Carter concur.

Mr. Justice Cothran (concurring in result) : Until the *Whaley case,* which I still think was wrongly decided, is overruled, as it ought to be, I am constrained by the authority to concur in the result of this opinion.