## 16994

TIMOTHY F. HUNT and F. B. BOZEMAN, Adm'rs., Respondents, v.
GENERAL INSURANCE COMPANY OF AMERICA,
Appellant

(87 S. E. (2d) 34)

*Messrs. Stephen Nettles* and *Joseph L. Nettles,* of Colum-
bia, *for Appellant,*

*Messrs. Wyche, Burgess & Wyche,* of Greenville, *for Respondents,*

April 19, 1955.

BAKER, Chief Justice.

The suit on the policy involved in this case is so inter-mingled with another policy of insurance issued on the same building but in the name of and to the owner in fee of the property, on which suit was also brought, that we will im-mediately hereinafter set out the "Statement" in the record, which gives a more or less detailed history of the litigation and showing the result in the lower Court.

The action was duly commenced in the County Court for Greenville County on February 9, 1951, by the service of a Summons and Complaint, seeking recovery on a policy of fire insurance issued by the defendant to the plaintiff Timothy F. Hunt and his sister, Jeanne Hunt Burley. The Complaint alleges that in April, 1946, Mrs. Belle B. Hunt conveyed certain premises to Timothy F. Hunt and Jeanne Hunt Burley for the lifetime of the said Mrs. Belle B. Hunt. That on August 22, 1949, there was in existence the subject policy, issued in the name of Timothy F. Hunt and Estate of Jeanne Hunt Burley, covering the premises in question; and that the agents of the defendant knew of the nature of the interest in the property held by the named assureds. That on this day a fire occurred in the insured premises, resulting in an aggregate damage of $1,290.45, which was determined by agreement. The Complaint seeks the payment of the entire amount of this loss and damage to the plaintiffs, alleging that the defendant is estopped to deny that they are entitled to the whole.

The answer of the defendant admits the issuance of its policy in the amount of $8,000.00 to Timothy F. Hunt and Jeanne Hunt Burley, and that the policy was in effect at the time of the fire of August 22, 1949. The Answer further alleges that at the time of the issuance of this policy Mrs. Belle B. Hunt owned the property in fee, subject to a life estate for the lifetime of Mrs. Belle B. Hunt to Timothy F. Hunt and Jeanne Hunt Burley, and that on July 13, 1949, defendant issued a policy in the amount of $3,000.00 to Mrs. Belle B. Hunt. That following the fire the defendant attempted to adjust the loss with the assureds under both policies, but could not do so; that it offered to repair the damage to the building, but the assureds would not agree; and that on August 15, 1950, an agreement was executed by all the assureds and the defendant fixing the sound value of the dwelling at $11,000.00, and the amount of loss and damage from the fire at $1,290.45, and in connection with the agreement the defendant waived filing of proofs of

loss by the insureds. That the liability under both policies is the amount of the agreed loss and damage, and this liability to the plaintiffs is their proportion of said loss and damage. That the defendant has offered, and offers, to pay said $1,290.45 to the plaintiff's jointly, or to apportion this sum between them as they might agree, but that each claims the right to recover the whole amount of the loss. At that time, there was then pending in the Greenville County Court an action by Mrs. Belle B. Hunt, in which she sought the payment to her of the entire $1,290.45. There was also pending an action by the defendant against Mrs. Belle B. Hunt and the plaintiffs to the present suit, this being an action of interpleader in which the defendant sought to pay the entire amount of the loss into Court and be discharged from liability to all the assureds.

The interpleader suit was subsequently dismissed by order of Honorable W. B. McGowan dated February 7, 1951, the Court holding in substance that each assured sought recovery on a separate contract of insurance issued by the defendant and that interpleader did not lie because it is not designed to shield one from double liability, that is, separate and distinct liability to those interpleaded, and that the amount deposited, $1,290.45, was not sufficient to settle all claims of the interpleaded parties under both the policies. There was no appeal from this order and the defendant-appellant took down the $1,290.45 deposited with the Clerk of Court at the time the interpleader was instituted.

Defendant then moved in the present action to bring in Mrs. Belle B. Hunt as a party. This motion was denied by order of Judge McGowan dated June 25, 1951, from which there was no appeal.

This suit, as well as the suit of *Belle B. Hunt v. General Insurance Company of America,* was heard separately by Judge McGowan without a jury, on June 17, 1952. By order dated August 13, 1953, the Court awarded judgment in favor of Belle B. Hunt against the defendant in the

amount of $922.67 (that being the proportion of the total loss and damage represented by her remainder interest) and awarded judgment in favor of the present plaintiffs against the defendant in the amount of $1,290.45.

In explanation of the assertion in the "Statement" contained in the record that appellant "offered to repair the damage to the building but the assureds would not agree," it should be noted that this was satisfactory to the respondents here, but not to Mrs. Belle B. Hunt. This offer on the part of the appellant was coupled with a proposed agreement that upon the appellant placing the residence in at least the same condition as it was prior to being damaged by fire, it would be released from any further liability under the policies of insurance. Such would have restored the respondents and Mrs. Belle B. Hunt to the identical positions with reference to this property as they had occupied prior to the fire, except for the loss of the use of the residence to respondents while it was undergoing repairs. But this was agreeable to respondents.

The policy of insurance here sued upon is what is known as an "interest policy," and it is quite clear from the record that prior to the issuance of the additional policy to Mrs. Belle B. Hunt on July 13, 1949, and of course prior to the fire which occurred on August 22, 1949, the appellant through its agent, was well aware of the interest of the respondents in this property. The appellant, in the renewal policy which it had sold to respondents, and the basis of this action, had placed a valuation of their interest in the residence at $8,000.00. If it be conceded that at the time of this valuation, the appellant was not fully informed of the respondents' interest in this property, yet appellant made no effort to amend the valuation thereof, or return any portion of the premiums collected therefor after full knowledge thereof, and therefore under our Valued Policy Statute, Code Section 37-154, cannot be heard to question the coverage. The provision in the third sentence of this statute with regard to pro-rating where two or more policies are written

on the same property is not applicable to a situation as now confronts the Court. The respondents are seeking only the sum of $1,290.45 under the contract, which it is agreed was the damage done to the insured residence; and their first knowledge of additional insurance procured by Mrs. Belle B. Hunt came to them after the fire.

We quote with approval and at great length from the order of the lower Court:

"As to the Timothy F. Hunt and Jeanne Hunt Burley policy, B. F. Bozeman, as Administrator for the Estate of Jeanne Hunt Burley, deceased, appearing for that estate.

"This case presents a more difficult problem. But for the complicating factors hereinafter evalued, the interest of the insured under this policy would be measured by the rule employed in the *Belle B. Hunt case*. But these plaintiffs seek the recovery of the full amount of the Twelve Hundred and Ninety and 45/100 Dollars ($1,290.45) in their own right under their policy, resting their position upon the theory of estoppel. In that connection, they contend that upon the company issuing their policy with full knowledge of their limited interest for the full amount of the policy valuation of Eight Thousand Dollars ($8,000.00) and collecting and retaining the full premium thereon with no offer to return any portion thereof, it should not be heard to deny their full ownership of the property and recovery of the full amount of the fire damage.

"While the parties fixed the sound value of the building at Eleven Thousand Dollars ($11,000.00) after the fire damage, the policy valuation of Eight Thousand Dollars ($8,000.00) is controlling by reason of the Valued Policy Statute. Title 37, Section 154, 1952 Code; *Aetna Insurance Co. v. Norris Brothers* [4 Cir.], 109 F. (2d) 172; *Brenner* [*Bruner*] *v. Automobile Ins. Co. of Hartford,* 165 S. C. 42 [421], 164 S. E. 134.

"A case of gross over-insurance is presented here. The limited interest of the insured was far less in value than the amount of insurance written.

"The insurance company takes the position that these plaintiffs' right to share in the Twelve Hundred and Ninety and 45/100 Dollars ($1,290.45) loss should be on the basis of their proportionate interest in the full property valuation, otherwise they would reap a profit on their insurance over and above actual indemnity and to that extent employ their policy as a wagering contract. It is contended that considerations of public policy preclude the invocation of the doctrine of estoppel to legalize a wagering contract.

"While public policy does frown upon wagering contracts, it would hardly look with favor upon an insurer with full knowledge of all the facts grossly over-insuring the interest of an insured and unjustly enrich itself by collecting full premiums and retaining the greater portion of the premiums without any offer to return same for which it recognizes or concedes no corresponding liability.

"There is no suggestion of fraud or mistake in the issuance of the policy in question and as far as the record shows, the defendant has never tendered or offered to return any portion of the premium collected.

"There is much to be said on both sides of this question, but in my judgment, the position of the plaintiffs should be sustained. *Convis v. [Citizens'] Mutual Fire Ins. Co.* [127 Mich. 616], 86 N. W. 994; *Western Assurance Co. v. Stoddard* [88 Ala. 606], 7 So. 379; *Borden v. Hingham Mutual Fire Ins. Co.* [18 Pick., Mass., 523], 29 Am. Dec. 614; *Simmons v. Home Ins. Co.,* 235 Ill. App. 344; *Home Ins. Co. [of New York] v. Gibson* [72 Miss. 58], 17 So. 13; *Ellison v. Independent Life & Acc. Co.,* 216 S. C. 475, 58 S. E. (2d) 890; *Warren v. Pilgrim Health & Life Ins. Co.,* 217 S. C. 453, 60 S. E. (2d) 891; *Croswell v. Connecticut Indemnity Ass'n,* 51 S. C. 103, 280 S. E. 200.

"In the *Warren case, supra,* the Court quoting with approval from the *Croswell case, supra,* said [217 S. C. 453, 60 S. E. (2d) 893]:

" ' "A sound public policy requires the enforcement of contracts deliberately made, which do not clearly contravene some positive law or rule of public morals. It is surely not a sound policy to permit insurers to contract to insure the lives of persons, receive premiums therefor as long as the insured, the beneficiary, or the assignee will continue to pay, and then, when the time comes for the insurers to pay what they agreed to pay, allow them to escape their contract on the ground of want of insurable interest in the life insured, unless it clearly appears that such contracts are pernicious and dangerous to society. Courts should not annul contracts on doubtful grounds of public policy. In such matters it is better that the legislature should first speak." '

"In addition to that line of authority, it appears from practically all the cases reviewed that under Valued Policy Statutes the insured may recover the full value insured even though he has a limited interest worth less than the amount of the insurance. The amount of insurance in the instant case was the full amount of the policy valuation of the dwelling. *Bright v. Hanover Fire Ins. Co.* [48 Wash. 60], 92 P. 779; *King v. Phoenix Ins. Co.* [195 Mo. 290], 92 S. W. 892; *Mississippi Fire Ins. Co. v. Planters' Bank* [138 Miss. 275], 130 [103] So. 84; *American Censory [Century] Ins. Co. v. Antram* [86 Miss. 224], 38 So. 626; *La Font v. Home Ins. Co.* [193 Mo. App. 543], 182 S. W. 1029; *Heyward [Hayward] v. Fidelity Phoenix Fire Ins. Co.* [Mo. App.], 285 S. W. 144; *Chambers v. North British & Mercantile Ins. Co.* [La. App.], 175 So. 95; *Summers v. Stark County Patrons Mut. Ins. Co.* [62 Ohio App. 73], 23 N. E. (2d) 331; *Hight v. Maryland Ins. Co.* [69 S. D. 320], 10 N. W. (2d) 285; *Aetna Ins. Co. v. Norris Brothers* [4 Cir.], 109 F. (2d) 172; *Brenner [Bruner] v. Automobile Ins. Co. of Hartford,* 105 S. C. 421, 64 S. E. 134.

"Quoting from the *Hight case, supra* [10 N. W. (2d) 287]:

" 'An examination of *Bright v. Hanover Fire Insurance Co.,* 48 Wash. 60, 92 P. 779, 780, indicates that the facts are similar to those presented under an identical valued policy law. The court held the provisions of such applicable and permitted the plaintiff to recover the entire amount fixed in the policy and we quote: "The appellant contends that this section does not apply where the interest of the insured is a limited or qualified one, such as that of a tenant, a party in possession, etc.; but with this contention we are unable to agree. The valued policy law is founded on what the Legislature regarded as sound public policy, and was, no doubt, intended to relieve the insured from the burden of proving the value of his property after its total destruction, and to prevent insurance companies from receiving premiums on overvaluations, and, thereafter repudiating their contracts as soon as it becomes to their interest to do so." '

. "Quoting from the *Mississippi Fire Insurance Case, supra* [138 Miss. 275, 103 So. 86]:

" 'We do not think the valued policy statute is unconstitutional for any of the reasons, as to equal protection or due process, pointed out by the appellant; nor are its provisions against public policy, because the insurance company is under no duty to issue insurance to a lessee for any greater amount than the value of the leasehold. It enters into the insurance contract with its eyes open and receives the premium from the lessee with full knowledge of the situation, and such a contract does not, in our judgment, come within the condemnation of "a wager or gambling contract."

" 'In the case before us the insurance company accepted the risk, received the premium, with full information that it was insuring the leased premises in favor of the lessee, and it knew the amount named in the face of the policy would, under the statute, be recoverable in the event of a total loss. In such a case we are not prepared to say there exists a public evil that should vitiate the contract as being against public policy.'

"In this connection, see 29 American Jurisprudence 898 and the annotation contained in 68 A. L. R. at page 1352. Also, see *Dubuque Fire & Marine Ins. Co. v. Miller,* 219 S. C. 17, 64 S. E. (2d) 8 and *Cockfield v. Firemen's Ins. Co.,* 146 S. C. 351, 144 S. E. 71 to the effect that an insurer is estopped to deny the risk which it assumes in consideration of the premiums collected and retained.

"In my judgment, the theory of the *Clyborne case* [*Clyburn v. Reynolds*], 31 S. C. 91, 9 S. E. 973 and later similar cases are not controlling here. The policy there was not an 'interest policy.' The life tenant there purported to insure the full value of the property and there was no showing that the insurer knew the limited value of the insured. The insurance company paid the full amount of the policy to the life tenant but as between the life tenant and the remaindermen, the life tenant stood in the position of trustee to the remainderman as to his particular portion of the proceeds.

"For the foregoing reasons * * * Timothy F. Hunt and B. F. Bozeman, as Administrator of the Estate of Jeanne Hunt Burley, deceased, are hereby awarded judgment against the defendant, General Insurance Company of America, in the amount of Twelve Hundred and Ninety and 45/100 Dollars ($1,290.45) together with interest thereon at the legal rate from August 26, 1949 to date hereof.

"*And it is so ordered.*"

It should be stated that we are not here concerned with any judgment rendered in favor of Mrs. Belle B. Hunt against the appellant.

The order appealed from in so far as it relates to these respondents, is affirmed.

STUKES, TAYLOR and LEGGE, JJ., concur.

OXNER, J., dissents.

OXNER, Justice (dissenting).

Mrs. Belle B. Hunt conveyed to her grandchildren, Timothy F. Hunt and Jeanne Hunt Burley, an estate in

the property for the life of the grantor. Mrs. Hunt retained the estate in remainder. The grantees named in said deed procured a fire insurance policy for $8,000.00 covering their interest in the dwelling. Some time later the grantor, Mrs. Belle B. Hunt, insured her interest for $3,000.00. Both of these policies were issued on what is commonly called the 1943 New York Revised Standard Form, the indemnity in each being limited to the *interest* of the insured named in the policy. The policy issued to Timothy F. Hunt and Mrs. Burley contains an agreed valuation of the dwelling, as required by Section 37-154 of the 1952 Code, in the amount of $8,000.00. So that this policy covered the insureds against loss by fire up to $8,000.00, but in no event to exceed the extent of their interest.

After the issuance of the $8,000.00 policy, Mrs. Burley died and an appropriate endorsement was made showing the insureds as her estate and Timothy F. Hunt. The dwelling sustained a partial loss which all interested parties agree was in the amount of $1,290.45. Thereafter suit was brought on both policies and recovery sought in each case for the full amount of the loss. The two actions were heard together by the County Judge. He stated in his order: "Ordinarily, under an 'interest policy' the measure of the recovery is such portion of the loss or damage as the interest of the insured bears to the full or fee value of the property." On the basis of the mortality table he found that the interest of the remainder man, Mrs. Belle B. Hunt, was 71.5% of the full value of the dwelling and accordingly held that she was "entitled to receive that percentage of the fire loss of $1,290.45 amounting to $922.67." In fixing the loss on the other policy, he did not follow this formula but held. I think inconsistently, that respondents, the insureds under the $8,000.00 policy, were entitled to recover $1,290.45, the full amount of the loss. This conclusion was reached upon the theory of estoppel.

There was no appeal from the judgment in the action brought by Mrs. Belle B. Hunt on the $3,000.00 policy. This

controversy relates to the amount awarded respondents on the $8,000.00 policy.

Assuming the accuracy of the valuation which the Court below placed on the remainderman's interest, which no one questions, respondents' actual loss was $367.78, representing the agreed valuation of the entire loss less the amount awarded to the remainderman. Under my view there are no circumstances justifying a recovery exceeding that amount.

There has been a partial loss by fire to a dwelling. The pertinent provisions of our valued policy law, Section 37-154, require that in such a case, the insured shall be entitled to the actual amount of his loss, which in no event shall exceed the amount of insurance stated in the policy. Respondents' policy of insurance neither adds nor detracts from the language of the statute. Under such circumstances, can it be said that by payment of that amount appellant will in any way become unjustly enriched or that respondents will have in any way been misled or failed to recover their loss in full?

Respondents desired $8,000.00 of insurance to cover their interest, exclusive of the remainderman's. Appellant issued such a policy and accepted the premium therefor. The amount of insurance and the agreed value set forth for the dwelling are matters of contract, being equally of respondents' choice as well as that of the appellant. Respondents sustained a partial loss and appellant has attempted to pay it, according to the law of our statutes and according to the language of the policy. Respondents complain, not for lack of coverage for their loss nor for having failed to receive the policy of insurance as they requested it. Their complaint, rather, is for lack of payment by appellant of an amount in excess of triple the amount of their actual loss, alleging appellant is estopped to deny that their interest is in fee simple.

According to the statute, respondents' actual loss remains unchanged, whether their policy be written in the amount of $2,000.00, or $8,000.00, or $20,000.00, and this result

follows regardless of the agreed value of the dwelling stated therein. The agreed value of the dwelling comes into play only in the event of a total loss. We are here concerned with a partial loss with the extent of respondents' actual partial loss, and their right to recover in excess of that loss.

I have searched the record of this case in vain for circumstances indicating that respondents have in any way been misled or denied full protection for their loss, or that appellant has been unjustly enriched. Respondents at no time sought nor did their policy ever purport to insure the full property interest for which they now make claim. The amount of respondents' insurance was of their own choosing and appellant is bound to pay for any loss sustained to their interest up to that amount.

It may not be amiss to emphasize again that we are here dealing solely with the question of the extent of recovery for a partial loss. We are not now concerned with whether respondents may or may not have requested and received more insurance than they could establish by actual loss in the event that a total loss occurred. Only in the latter event would the question of estoppel arise. That situation is not before us and I intimate no opinion thereabout.

No case has been cited in the order under appeal, nor have I found in my own research any case, sustaining the contention now advanced by respondents where a partial loss was involved.

I would reverse the judgment and limit recovery to the proportion of the loss represented by respondents' interest.