## JAKOB K. JAKOBER, Respondent, v. COMMERCIAL UNION ASSURANCE COMPANY, a Corporation, Appellant.

(191 N. W. 480.)

**Insurance — finding as to value of insured property held sustained by the evidence.**

1. The defendant issued a fire insurance policy, whereby it insured plaintiff's granary for the sum of $800. Thereafter it was totally destroyed by fire. In an action to recover, defenses were interposed to the effect that plaintiff made false statements and representations in the application for the insurance, with reference to the value of the granary. The jury in a special verdict found against the defendant in this respect and in its verdict fixed the value of the building at $800, which was equal to the amount of insurance on the granary stated in the policy.

It is *held:* That these findings of the jury are supported by substantial evidence.

**Insurance — where loss under fire policy total insured entitled to recover amount of policy.**

2. There was no fraud in the destruction of the property. The loss was total. In these circumstances, under the provisions of § 6624, Comp. Laws 1913,

Note.—On what special verdict must contain, see note in 24 L.R.A.(N.S.) 7; 27 R. C. L. 875.

On what amounts to total loss under fire insurance policy, see 14 R. C. L. 1302; 3 R. C. L. Supp. 379.

plaintiff was entitled to recover the amount of insurance written in the policy, or $800.

Opinion filed December 5, 1922.

Fire Insurance, 26 C. J. § 452 p. 354 n. 9; § 757 p. 541 n. 91.

An appeal from a judgment of the District Court of Morton County, and from an order denying a motion for judgment non obstante, or for a new trial, *Lembke, J.*

Judgment and order affirmed.

*Pierce, Tenneson, Cupler & Stambaugh,* for appellant.

Where one makes a false representation, knowing it to be false, the law infers that he did so with intent to deceive. When the scienter is shown, the intent to deceive is conclusively proven. Quinn v. Mutual L. Ins. Co. 158 Pac. 82; Boddy v. Henry, 101 N. W. 447.

By reason of our "Valued Policy Statute" (Comp. Laws 1913 § 6624) nothing is more important to the insurance company than the statement of the insured as to the value of the property, because the insurance company is forced to agree in advance that the property is worth the amount for which it is insured. Solomon v. Federal Ins. Co. (Cal.) 167 Pac. 859; Duncan v. National Mut. F. Ins. Co. 20 L.R.A. (N.S.) 340.

It being established that the misrepresentation was made with intent to deceive or that the matter misrepresented increased the risk of loss, the question of waiver becomes the controlling question, and a failure of the jury to find on this question at least renders the verdict insufficient to support the judgment. Crandin v. Home Insurance Co. 163 Pac. 458; Richards v. Continental Ins. Co. 47 N. W. 350.

A special verdict must cover all the issues and leave to the decision of the court only questions of law. Morrison v. Lee, 13 N. D. 591; Sonnesyon v. Akin & Babcock, 14 N. D. 248; 27 R. C. L. page 875.

*Halpern* and *Rigler,* for respondent.

GRACE, J. This is an appeal from a judgment of the district court of Morton county and from an order denying a motion for judgment non obstante, or for a new trial. The plaintiff had judgment in the sum of $800. The action was upon a fire insurance policy to recover

for total loss of a certain granary by fire. The complaint is in the ordinary form in such actions. The principal defense is: That the plaintiff, in his application, made false statements and representations with reference to the value of the granary at the time of the application; that the plaintiff represented the value of the granary to be $1,200; that this amount grossly exceeded the true cash value on the date of the application; that the said false statements and representations were material to the risk and increased the risk of loss; that defendant had no knowledge of the falsity of these statements and relied upon them, until after the loss.

The granary was totally destroyed by fire. Certain issues of fact were submitted to the jury in the form of a special verdict. We find it unnecessary to set forth the special verdict. The jury found in it that the plaintiff did not sign the application with the intent to misrepresent the facts nor deceive the defendant. They also found that the value of the granary at the time of the application, and at the time of the loss was $800.

There is substantial evidence in the record to sustain the first of these findings. That question is, therefore, disposed of and needs no further consideration. We are further of the opinion that there is substantial evidence to sustain the second finding. It is not necessary, we think, to review the evidence in this respect. But if there were not a finding by the jury to the effect that the granary was worth $800, at the time of its destruction by fire, we think, plaintiff would have been entitled to recover $800, as that was the amount for which the granary was insured; and since it was wholly destroyed by fire, the amount stated in the policy must be taken conclusively to be the value of the granary.

Section 6623, Comp. Laws, 1913, provides: "Whenever any policy of insurance shall be written to insure any real property in this state against loss by fire and that property insured shall be destroyed without fraud on the part of the insured or his assigns, the stated amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured."

It is not claimed nor contended here that the building was destroyed by any fraud on the part of the plaintiff. The jury determined that he made no false statements or representations in the application, hence,

under the terms of the above section, the plaintiff was entitled to recover $800, or the stated amount of the insurance written in the policy. The loss was total, and hence, the language of the section became applicable. In the circumstances of this case, and as we view the matter, it was not incumbent upon plaintiff to prove the value of the building at the time of destruction, since the value of it at that time was fixed by the provisions of the above section. Horswill v. North Dakota Mut. F. Ins. Co. 45 N. D. 600, 178 N. W. 799.

The verdict is sufficient to support the judgment. We have examined all the assignments of error and conclude there are none that constitute reversible error. The judgment and order appealed from are affirmed. Respondent is entitled to his costs and disbursements on appeal.

BIRDZELL, Ch. J., and BRONSON, CHRISTIANSON, and ROBINSON, JJ., concur.

CHRISTIANSON, J. (concurring). I concur in an affirmance. Under § 6624, Comp. Laws, 1913, the value of insured real property is fixed; in case of a total loss, the insurer is liable for the payment of the value so fixed; and he cannot assert as a defense that the property destroyed was or is of less value than that stated in the policy. In other words, under this statute (unless he was induced to overvalue the property in the policy as a result of fraudulent representations by the insured) the insurer, in case of a total loss, cannot avoid liability for the full amount stated in the policy by showing that the property was or is of less value that that stated. Wood, Ins. § 41; 26 C. J. pp. 354, 355; 14 R. C. L. pp. 1305, 1306.

Whether § 6624, supra, precludes the insurer from asserting as a defense that he was induced to overvalue the property in the policy as a result of fraudulent representations on the part of the insured need not be determined in this case. The policy in suit was based upon a written application signed by the plaintiff. Such application contained a description of the premises to be insured and a statement of their value. The case was submitted to the jury for a special verdict. In response to specific questions in such verdict, the jury found that the plaintiff did not sign the application for insurance with any "intent to misrepresent the facts and deceive the defendant company." Such finding has ample support in the evidence.