CASSELS, Appellant, v. SOUTH DAKOTA THRESHER-
MEN'S MUTUAL INSURANCE COMPANY,
Respondent.

(211 N. W. 805.)

(File No. 5912.    Opinion filed January 28, 1927.)

1. **Insurance—Insurer Cannot Rely on Provision Invalidating Policy Because of Mortgage, of Which Agent Knew Before Issuance of Policy.**

    Where the agent of an insurance company causes the issuance of a fire policy after being informed that the property to be insured is mortgaged, the insurance company cannot take advantage of a provision rendering it void because of such incumbrance.

2. **Insurance—Evidence that Insured Told Insurer's Agent that Property Was Mortgaged Before Latter Filled Out Application for Policy Sued On Held Admissible.**

    In action on fire insurance policy, evidence that insured told insurer's agent that the property insured was mortgaged before the latter filled out a written application, which insured signed without reading it, held relevant and material on the issue of insurer's right to rely on a provision invalidating the policy because of such incumbrance.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Insurance, Key-No. 289(3), 26 C. J. Sec. 391; **(2)** Insurance, Key-No. 664, 26 C. J. Sec. 744.

Appeal from Circuit Court, Brown County; Hon. Robert D. Gardner, Judge.

Action by H. W. Cassels against the South Dakota Threshermen's Mutual Insurance Company. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed.

*Charles J. Lundberg,* of Groton, and *E. E. Cassels,* of Ellendale, N. D., for Appellant.

*Caldwell, Caldwell & Burns,* of Sioux Falls, for Respondent.

MORIARTY, C.  This action was brought to recover upon a policy of insurance.  It was tried to a jury, but at the close of the evidence submitted on behalf of the plaintiff the trial court directed a verdict for the defendant.  From the judgment entered upon this directed verdict, and from an order denying a new trial, the plaintiff appeals.

One Bowler, a soliciting agent of the defendant insurance company, took the written application of Otto Rose for $800 insurance on a threshing machine separator owned by Rose.  The policy sued upon was issued to Rose upon said application.  At the time the policy was issued the property was covered by a chattel mortgage running to the plaintiff.  The policy contains a provision that:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage."

There was no mortgage clause attached to the policy, nor was there any other indorsement or rider referring to any incumbrance. The property insured was destroyed by fire during the life of the policy. At that time it was still the property of Rose, and plaintiff's mortgage was unsatisfied. After the fire Rose assigned to the plaintiff all his interest in the insurance.

The sole defense is upon the ground that the incumbrance renders the policy void.  At the trial Rose testified as follows:

When he was negotiating with Bowler for the insurance, Rose told the agent that the property was mortgaged.  After receiving this information, Bowler proceeded to fill out a written application for the insurance.  While doing this he asked Rose as to the de-

scription of the separator, but said nothing further about incumbrances. When the application was prepared, Bowler asked Rose to sign, and Rose signed the application without reading it. The application was not attached to the policy. Defendant's counsel exhibited it to Rose on his cross-examination, for the purpose of identifying his signature thereto, but the writing was not offered in evidence.

When the plaintiff rested, defendant moved that all Rose's evidence as to the conversation with Bowler be stricken out, on the ground that all such conversation was superseded by the written application, and that the terms of said written application cannot be altered or varied by parol evidence. This motion was granted, and thereafter the trial court directed the verdict for defendant. These acts of the trial court are assigned as error.

[1] This court has definitely established as the law of this state that, when the agent of an insurance company is informed that the property to be insured is mortgaged, and, after receiving such information, proceeds to cause the issuance of the policy, the insurance company cannot thereafter take advantage of a provision rendering the policy void because of the incumbrance. Lummel v. National Fire Ins. Co., 50 S. D. 502, 210 N. W. 739; Fosmark v. Association, 23 S. D. 102, 120 N. W. 777; Lawver v. Insurance Co., 25 S. D. 549, 127 N. W. 615; Vesey v. Assurance Co., 18 S. D. 632, 101 N. W. 1074.

[2] The learned trial court erred in striking out the evidence of Rose and in directing a verdict for the defendant. The question whether Bowler knew of the incumbrance when he accepted the application is a proper question to go to the jury, and the evidence stricken out was relevant to that question and material evidence in the case.

The judgment and order appealed from are reversed.

CAMPBELL, P. J., disqualified, not sitting.