# HIGHT, Respondent, v. MARYLAND INSURANCE CO., Appellant

## (10 N. W.2d 285.)

(File No. 8581.   Opinion filed July 3, 1943.)

**Bailey, Voorhees, Woods & Bottum** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**H. F. Fellows,** of Rapid City, and **H. P. Gilchrist,** of Kadoka, for Respondent.

WARREN, J.   This is an action commenced in Jackson County to recover for a loss by fire on a South Dakota standard valued fire insurance policy the full amount of $1,000 covering a one and one-half story shingle and composition roof, frame building occupied as a general merchandise store and cream station on Lots 17 and 18 in block 5 of the Town of Interior, S. D.   The action was tried in the circuit court.   Findings of fact and conclusions of law were in favor of plaintiff and against defendant for the full amount claimed, together with interest and $100 attorneys' fees.   Defendant has appealed from the judgment.

Appellant contends that the policy was void because the subject of insurance was a building on ground not owned by the insured in fee simple; that the express terms of the policy could not be varied by parol evidence as to transactions had with the soliciting agent, even though a letter had been written to the general agency before issuance of the policy, and that there could not be a recovery of any more than the amount of plaintiff's interest in the property which would be limited to the amount paid for tax sale certificates thereon.   It would appear from the record that

at the time respondent made application for insurance, the interest of the insured was not unconditional and that he was not the sole and fee simple title owner of the property to be insured.

Respondent claims that at the time the application for insurance was made, he communicated all the facts concerning the title to the appellant, who therefore had full knowledge and thereafter issued the policy. The letter to the general agency sheds some light concerning the title and reads:

"December 31, 1940.

"Regan General Agency

"Sioux Falls, S Dak

"Dear Sirs:

"Mr. Frank Hight, of Interior, has bought an assignment of taxes from Jackson County covering the buildings located on Lots 17 and 18, Block 5, O. T. Interior. The party in whose name this property is, is an Old Age Assistant client and arrangements are being made by the Social Welfare Board of the State for them to release their interests in the matter.

"Mr. Hight will also obtain a quit claim deed from the original owner of the property.

"In the meantime, he would like his interests protected in the amount of $1000.00 covering fire and extended coverage. He would like to have the coverage date from December 30, 1940.

"It is Mr. Hight's intention, when he gets this title cleared up, to cancel the present policy and rewrite for five years.

"Thanking you for immediate attention to this matter I am yours truly, E. W. Reeves."

The trial court found that the property was totally destroyed by fire and that the respondent owned and held an interest therein. We insert the following findings which we deem of value as a factual statement:

"V. At the time of the application for and issuance of the policy of fire insurance described in the complaint

herein, the plaintiff was in· exclusive peaceable and valid possession of Lots 17 and 18 of Block 5 of the Town of Interior, Jackson County, South Dakota, upon which the structure covered by the insurance herein was located; and he then owned and held two certain valid tax sales certificates duly issued by the County Treasurer of Jackson County, South Dakota, upon the sale of said property for the nonpayment of taxes by the then fee owners of said property; that plaintiff had paid for such tax sale certificates the sum of $390.93; and that they were purchased by him pursuant to an oral agreement with L. A. Johnson, whose wife was the owner of a one-half interest in the property.

"VI. That at the time of the application for and issuance of such policy of insurance, plaintiff had an oral, pending and uncompleted contract with L. A. Johnson, whose wife was one of the joint owners of said property, for the sale to plaintiff of said Johnson's entire interest in said property; and that a part of the consideration was the purchase by plaintiff of the outstanding tax sale certificates thereon; and at said time Plaintiff had made a due bid, which had been accepted, for the purchase of the balance of the interest of said property from the estate of Jennie Johnson, deceased, whose estate was then being probated in Jackson County, South Dakota, but that such sale had then not been reported, confirmed or consummated.

"VII. That neither the said oral contract·for purchase of a portion of said property nor the purchase of the bal-·ance of the interest therein from the estate of Jennie Johnson had been consummated by reason of the fact that certain social security liens ·upon said property had not been compromised or settled, although negotiations for the compromise .or settlement of them were actively pending at all times since July or August, 1940."

An examination of the policy ·and the· various indorsements by .way of printed forms attached thereto does not disclose any agreement in writing in the policy, itself, or in attached forms, changing the terms and provisions of the

policy so as to permit insurance upon the building on ground not owned by the insured in fee simple.

■■ We are mindful of the line of authorities which hold that no stipulations and conditions, changes or waivers may be made in the provisions of a standard policy unless in writing and attached to the policy. This court has and does recognize that rule of law in cases wherein the changes in stipulations or agreements occurred after the issuance of the policy and not prior thereto. In Lummel v. National Fire Insurance Co., 50 S. D. 502, 210 N. W. 739, 741, we had occasion to deal with facts pertaining to incumbrances on property existing before and at the time the policy was issued and said:

"* * * This court has definitely adopted the rule that, where the general agent of the insurer knows at the time of the application that the property is subject to a chattel mortgage, the insurer is estopped from asserting the invalidity of the policy under a stipulation that the policy should be void if the property should be incumbered. * * *

"These cases cite abundant authority for the rule adopted, and establish the law of this state to be that, when an agent vested with authority to solicit insurance, accept applications, issue policies, and collect premiums, issues a policy, and accepts payment of premium therefor knowing of a fact which is stipulated to render the policy void, the company is bound by the knowledge of such agent and is estopped from relying upon such fact to defeat the insurance. * * *"

■ In Prose v. Hawkeye Securities Fire Insurance Company, 51 S. D. 3, 211 N. W. 970, this court drew the distinction that the policy had been delivered before knowledge of the mortgage came even to the local agent. However, in Cassels v. South Dakota Threshermen's Mutual Insurance Company, 51 S. D. 36, 211 N. W. 805, handed down the same day, this court definitely followed the rule announced in Lummel v. National Fire Ins. Co., supra. Numerically this rule seems to prevail, and we feel it is a wholesome one and must be decisive of the facts before us.

The agent knew certain facts as to the title to the property and reported it in a letter to the insurer. They accepted the premium and issued the policy with full knowledge of the fact that the title was less than a title in fee. The appellant is therefore estopped from asserting the invalidity of the policy in the failure to have the certain provisions urged written on or attached to the policy.

■ The record seems to indicate that the respondent had, under our statutes, an insurable interest, SDC 31.2202.

The findings of fact, quoted earlier in the opinion, clearly show that the respondent had an insurable interest, not only by virtue of his lien acquired by the purchase of the tax sale certificates, but he was also in possession of the premises occupying them as a tenant with uncompleted negotiations for the purchase. "Exhibit E" from Mr. Reeves to the general agency advised the state agent of the nature of the interest of the respondent and stated specifically that the plaintiff "would like his interest protected in the amount of $1,000 covering fire and extended coverage." In view of this fact situation, we think the provisions of our valued policy law are applicable.

An examination of Bright v. Hanover Fire Ins. Co., 48 Wash. 60, 92 P. 779, 780, indicates that the facts are similar to those presented and under an identical valued policy law. The court held the provisions of such applicable and permitted the plaintiff to recover the entire amount fixed in the policy and we quote: "The appellant contends that this section does not apply where the interest of the insured is a limited or qualified one, such as that of a tenant, a party in possession, etc.; but with this contention we are unable to agree. The valued policy law is founded on what the Legislature regarded as sound public policy, and was, no doubt, intended to relieve the insured from the burden of proving the value of his property after its total destruction, and to prevent insurance companies from receiving premiums on over valuations, and thereafter repudiating their contracts as soon as it becomes to their interest to do so. The law in terms applies to insurance on real property or

any building or structure erected thereon or connected therewith, and the insurance now under consideration, in so far as it affects the hotel building, is of that class."

In King v. Phoenix Ins. Co. of Brooklyn N. Y., 195 Mo. 290, 92 S. W. 892, 113 Am. St. Rep. 678, 6 Ann. Cas. 618, the Missouri high court held that a contractor who insured a building upon which he was working had an interest sufficient to justify the application of the valued policy law, although the value of the building was much more than the contractor's actual interest. See also, Mississippi Fire Ins. Co. v. Planters' Bank of Tunica, 138 Miss. 275, 103 So. 84.

From the examination of the cases we believe that the cases cited seem to state the generally accepted law. It therefore appears to us that the respondent had an interest in addition to that of a lien he acquired by virtue of the tax sale certificates; that his interest by reason of the tax sale certificates and the additional interest by reason of his occupation of the premises and the negotiations to purchase combined to make an interest that was subject to the provisions of our valued policy law. SDC 31.2213.

■ The policy was issued for $1,000 and it seems that it expresses the object to be attained by SDC 31.2213 and must be held to be a valued policy.

■ In Lawver v. Globe Mutual Insurance Co., 25 S. D. 549, 127 N. W. 615, our court, dealing with a then existing statute, referred to policies as mixed, open and valued policies. Valued policies were defined as those in which both the property insured and the loss are valued and which bind the insurer to pay the whole sum insured in case of a total loss. The property described in the policy was insured for the definite amount of $1,000 regardless of what the possible value might be at the time of the fire, as it is the same specific property that was described in and which was fully reported as to the condition of the title to the insurer and it is not a case wherein property insured is diminished in quantity between the time it is insured and when the loss occurs, such as the insurance on ship cargoes

and similar cases in loss of personal property. In the case at bar the insurer knew the status of the title, having received the letter giving the paritculars. It would, therefore, seem that the amount of coverage of $1,000 was the value intended by both the parties to be paid by the insurer in case of a total loss, and it fixed a just standard and measure of the indemnity. This is not a case of fraud in the overvaluation and we must, therefore, hold that the respondent was entitled to recover the whole amount as found by the trial court.

"Under the valued policy law it has been held by this court that the statute fixes the worth of the property insured conclusively at the valuation written in the contract of insurance and in case of total loss that sum is the measure of recovery. Fadanelli v. National Security Fire Ins. Co., 113 Neb. 830, 205 N. W. 642." Quisenberry v. National Fire Ins. Co., 132 Neb. 793, 273 N. W. 197, 199. Cf. Empire Development Co. v. Title Guarantee & Trust Co., 225 N. Y. 53, 121 N. E. 468; Jakober v. Commercial Union Assurance Company, 49 N. D. 270, 191 N. W. 480; American Ins. Co. of Newark, N. J. v. Robinson, 120 Fla. 674, 163 So. 17, and Summers v. Stark County Patrons' Mut. Ins. Co., 62 Ohio App. 73, 23 N. E.2d 331.

██ Having held earlier in this opinion that the policy of insurance, issued by the appellant to the respondent, was a valued policy under SDC 31.2213, it necessarily follows that the court, pursuant to the terms of said statute, was justified in allowing the respondent a reasonable attorney fee to be taxed as part of the costs. The amount found by the trial court seems reasonable and will, therefore, not be disturbed.

The judgment appealed from is affirmed.

All the Judges concur.