Al BUMANN, Plaintiff and Appellee,

v.

ST. PAUL FIRE AND MARINE INSUR-
ANCE COMPANY, Defendant
and Appellant.

Civ. No. 9974.

Supreme Court of North Dakota.

Nov. 17, 1981.

Pulkrabek & Tuntland, Mandan, for plaintiff and appellee; argued by Benjamin C. Pulkrabek, Mandan.

Zuger & Bucklin, Bismarck, for defendant and appellant; argued by Thomas O. Smith, Bismarck.

SAND, Justice.

St. Paul Fire & Marine Insurance Co. [hereinafter St. Paul Fire & Marine] appealed from a summary judgment declaring the insurance policy held by Al Bumann was in full force and effect at the time of the fire which burned down the Polar King drive-in at approximately 12:45 a. m. on 28 Dec. 1979. If the policy was in full force and effect at the time of the fire, we must also resolve whether the policy is to be prorated with two other policies covering the same property or is to be treated as a face-value policy.

Bumann purchased the Polar King drive-in from Melvin and Donald Jahner and on 15 Sept. 1979 the fire insurance policy originally issued to the Jahners was assigned to Bumann with the consent of St. Paul Fire & Marine.

The assignment prepared by St. Paul Fire & Marine on its form contained the following information attached to and forming part of policy No. 582JG870, effective date of endorsement 9/15/79, issued to Melvin and Donald Jahner d. b. a. Polar King:

POLICY DECLARATION AMENDMENT ENDORSEMENT

The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.

| Attached to and Forming part of Policy No. 582JG8760 | Effective Date of Endorsement 9/15/79 | *Issued to Melvin and Donald Jahner DBA Polar King |
|---|---|---|

The answer(s) to item(s)
    One

of the Declarations of the above mentioned Policy is/are hereby changed to read as follows:

Named Insured

Alvin Bumann DBA Polar King
Box 280
New Salem, ND   58563

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address

In Witness Whereof, the Company has caused this endorsement to be signed by a duly authorized representative of the Company

Hazelton Insurance Agency
Hazelton, ND 58544   9/19/79 fs

_____
Authorized Representative

The original policy specified an inception date of noon on 12–18–78 and an expiration date of noon on 12–28–79.

St. Paul Fire & Marine contended that the expiration date of the policy was 28 Dec. 1979, 12:01 a. m. (approximately one hour before the fire started), as set out in NDCC § 26–03–49, as amended, and in effect at the time of the assignment, rather than 29 Dec. 1979, 12:01 a. m., the expiration date stated in NDCC § 26–03–49, and in effect at the time the policy was issued to the Jahners.

St. Paul Fire & Marine contended that the assignment in effect created a new policy, a new contract, and as such the law in effect at the time of assignment applied rather than the law in effect at the time the original policy was issued. Based on the foregoing, St. Paul Fire & Marine contended there was no coverage under the policy at the time of the fire. We do not agree that a new policy was created. This becomes apparent in examining the endorsement as discussed herein.

The provisions of NDCC § 26–03–49 in effect at the time of the original policy provided as follows:

"Policies of insurance shall cover the insured at 12:01 a. m. on the day on which coverage begins and shall expire at 12:01 a. m. *following* the day of expiration of such policy." [Emphasis added.]

The law as amended by Ch. 346 of the 1979 Session Laws, which was an emergency measure and became effective when the Governor signed it on 7 Mar. 1979, provides as follows:

"Policies of insurance shall cover the insured at 12:01 a. m. on the day on which coverage begins and shall expire at 12:01 a. m. *on* the date of expiration of such policy." [Emphasis added.]

The amendment removed the word "following" and inserted the word "on."

Neither the expiration date on the policy was changed by the terms of the assignment nor did the assignment make reference to an expiration date either with or without reference to the statute mentioned above. The original policy regarding the inception and expiration dates contained the following provision:

"In consideration of the provisions and stipulations herein or added hereto and of the premium, this company, for the term of years from inception date at noon (standard time) to expiration date at noon (standard time) at location of property involved ..."

This provision is consistent with the 1943 standard fire insurance policy of the State of New York which, pursuant to NDCC 26–03–40, is on file with the office of the North Dakota Commissioner of Insurance as the standard fire insurance policy for this state.[1] Section 26–03–40, NDCC, also provides that no other or different provision, agreement condition, or clause, shall in any manner be made a part of such contract or policy or be endorsed thereon or delivered therewith except as stated in subsections 1 through 8. These subsections do not refer to or mention the inception date or hour or the expiration date or hour.[2]

St. Paul Fire & Marine Insurance Co. argued, without citing any North Dakota cases, that statutory provisions are part of the insurance policy and that the contract or policy is to be read as if it contained the statutory provisions and any conflicting provisions between the statute and the policies would have to yield to the statute. However, in this respect NDCC § 26–03–41 provides as follows:

"A policy of insurance in the form prescribed by section 26–03–40 [standard fire insurance policy] shall be subject in all respects to the rules of construction as to its effect or the waiver of any of its provisions which would apply if the form thereof had not been prescribed."

This provision, unlike provisions of other states, does not require all policies to conform in every respect with statutory provisions unless the statute is clear and unambiguous that the statutory provision must be incorporated in the policy.

This Court in construing § 6626, Compiled Laws of 1913,[3] in *Yusko v. Middlewest Fire Insurance Co. of Valley City*, 39 N.D. 66, 166 N.W. 539 (1917), and *Leisen v. St. Paul Fire & Marine Insurance Co.*, 20 N.D. 316, 127 N.W. 837 (1910), in substance held that a fire insurance policy is nevertheless a contract and the provisions are construed on the same basis as any other written contract. The doctrines of estoppel and waiver are not abrogated and may be applied to the fire insurance policy with the same force and effect as to any other written contract. Further a policy which does not conform with the statute is not void but only voidable. We are not aware of any case law of this state, and none has been called to our attention which has changed this ruling. Neither has the statute been materially amended since then.

---

1. We take judicial notice [see, *City of Fargo, Cass County v. State*, 260 N.W.2d 333 (N.D. 1977)] that the policy on file with the office of the North Dakota Commissioner of Insurance provides, in part, as follows:

"In Consideration of the Provisions and Stipulations herein or added hereto, and of _____-_____ Dollars Premium this company for the term from the ____ day of _____, 19__ at noon, Standard Time, at of _____ to the _____ day of _____, 19__ location of property involved,"

2. This raises the further question as to whether or not NDCC § 26–03–49 is an exception to § 26–03–40. We note that § 26–03–49 pertains to policies of insurance, whereas 26–03–40 is limited to fire insurance policies. However, the resolution of this case does not require us to answer this question.

3. Section 6626, 1913 Compiled Laws, was the forerunner of NDCC § 26–03–41, and provides as follows:

"Policies of insurance in the form prescribed by the last section [§ 6625 which directed a standard fire insurance policy to be on file with the office of Commissioner of Insurance] shall be in all respects subject to the same rules of construction as to their effect or the waiver of any of their provisions as if the form thereof had not been prescribed."

There is no substantial change from these provisions to those now found in NDCC § 26–03–41.

The rule of law announced in *Yusko* would also apply to the provisions of the policy in question which states "for the term of years from inception date At Noon (Standard Time) to expiration date At Noon (Standard Time)."

The assignment did not change the expiration date or hour. One change was made as to the effective date but that was necessitated by a change in the insured. The insurer could also have made the change regarding the expiration date, but did not. The policy in this respect is a contract of adhesion.

St. Paul Fire & Marine Insurance Co. in its brief states:

"The policy provides that coverage commences at noon on the inception date. This portion of the policy is consistent with the 1943 Standard Fire Insurance Policy of the State of New York which has been adopted in this state by statute. See § 26–03–40, N.D.C.C."

▇ We fail to see how the initial policy can be in conformance with § 26–03–40 as to the inception date but not as to the expiration date. True, the inception date of December 28, 1978 was changed by the effective date of the assignment to September 15, 1979, but, as has been set out earlier herein, the assignment specifically said that nothing in the policy shall be held to vary or to have been varied except as stated above, and the above only sets out the effective date of the endorsement of the policy from Jahners to Alvin Bumann as 15 Sept. 1979. The (endorsement) assignment specifically stated that the provisions of the policy were otherwise not changed.

On the basis of the foregoing, it is our conclusion that the provisions of the initial policy prevail in this instance and that the insurance coverage was effective until noon 28 Dec. 1979, as stated in the policy which was not changed by the assignment or endorsement.

▇ Having reached the conclusion that the St. Paul Fire & Marine Insurance policy

was in full force and effect at the time of the fire, we must now take into account further facts and the further issue as to whether or not the insurance policies involved need to be prorated or are all considered to be value policies.

Bumann, in addition to the fire insurance policy with St. Paul Fire & Marine, obtained a policy with Lloyds of London and another policy with Commercial Standard Insurance Co. Each policy insured the building for $25,000 and the contents for $5,000, making a total of the two policies $50,000 for the building and $10,000 for contents. The insurance companies that issued the two policies have paid the sum of $59,950 to Mr. Bumann. He is now also demanding that St. Paul Fire & Marine pay him the $40,000 as stated in the policy.

Bumann paid Jahners $50,000 for the building and has made improvements which were not in excess of $2,500.

The issue which we must now consider and resolve pertains to the provisions of NDCC §§ 26–05–08 and 26–18–08. Section 26–05–08 provides as follows:

"In case of double fire insurance, each insurer must contribute ratably towards the loss without regard to the dates of the several policies."

Section 26–18–08 provides as follows:

"Whenever any policy of insurance shall be written to insure any real property in this state against loss by fire and the insured property shall be destroyed by fire without fraud on the part of the insured or his assigns, the stated amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured."

In *Yusko, supra,* this Court in substance said that the provisions of the policy stating that the policy will be void if the insured procures other insurance without the written consent of the insurer does not make the policy void but only voidable, when construed in light of § 6548, Compiled Laws of 1913,[4] and that such provision may also be

---

4. Section 6548(1), 1913 C.L., was the forerunner of NDCC § 26–05–08, and provided as follows:

"In fire insurance each insurer must contribute ratably towards the loss without regard to the dates of the several policies."

waived. In *Horswill v. North Dakota Mutual Fire Insurance Co. of North Dakota*, 45 N.D. 600, 178 N.W. 798 (1920), and in *Jakober v. Commercial Union Assurance Co.*, 49 N.D. 270, 191 N.W. 480 (1922), we said that the insured is entitled to the amount stated in the insurance policy if there is no fraud in the destruction of the property and the loss is total. However, in *Zuraff v. Empire Fire & Marine Insurance Co.*, 252 N.W.2d 302 (N.D.1977), we said that the purpose of § 26–18–08 is two-fold; (1) to relieve the insured from the burden of proving the value of his property after its total destruction; (2) and to prevent over-insurance by discouraging insurance companies from collecting premiums on overvalued property and then contest the value when it becomes advantageous to do so. However, in the present situation no fraud is involved and none has been alleged.

In resolving the issue at hand we must take into consideration the rules of interpretation that are set out in Ch. 1–02 of the North Dakota Century Code.

Section 1–02–07, NDCC, in effect provides that if the general provision conflicts with a special provision every effort must be made to reconcile the two provisions, but if the conflict cannot be reconciled then the special provision shall prevail over the general provision unless the general provision was enacted later and it is clear from the legislative intent that general provisions shall be controlling. To determine if the two sections, 26–25–08 and 26–18–08, can be reconciled, it is necessary that we take into account related provisions of law, specifically §§ 26–03–40.1, 26–03–03, 26–03–40(8), 26–05–06 and 26–05–07. In so doing,

we are convinced that the legislature had in mind that § 26–18–08 applies whenever a single insurance policy is involved and no fraud is involved. *Zuraff v. St. Paul Fire & Marine Insurance Co.*, 252 N.W.2d 302 (N.D. 1977). However, whenever more than one policy covering the same property is involved, then the provisions of § 26–05–08 and related provisions apply. By so construing these two provisions the conflict is eliminated and the statutory provisions are reconcilable. Furthermore, by applying this construction the objectives and purposes of the legislature will be carried out.

We therefore conclude that all of the fire insurance policies in effect at the time covering the loss of the building and its contents are to be prorated between the insurance companies that issued or endorsed policies to Bumann on the building and contents.

In prorating the policies, the value of the building must be determined. In doing this the trial court must take into account, together with other pertinent factors, the amount paid for the building, $50,000, the improvements made on the building, and any appreciation. Each insurance company should be required to pay a prorata share[5] in accordance with the ratio the company's policy bears to the total insurance coverage taking into account the value of the building and the contents if the policy insured both the building and the contents.

The district court judgment holding that the St. Paul Fire & Marine policy was in full force and effect at the time of the fire is affirmed. However, the judgment stating that the insurance policies are con-

---

5. Formula for prorate share:

$$\frac{\text{Amount of insurance issued by Co. "A"}}{\text{Total amount of insurance issued by all companies}} = \%\ \text{of total coverage} \times \text{value of property} = \text{amt to be paid by Co. "A"}$$

This same formula is to be applied to all companies. If building and contents differ in ratio between companies, then the same procedure is to be followed separately for contents, and separately for building.

sidered face value policies and that the insurance companies need not prorate is reversed, and the case is remanded to prorate the insurance as stated earlier herein. No costs to be allowed to either party.

ERICKSTAD, C. J., VANDE WALLE and PEDERSON, JJ., and BERNING, District Judge, concur.

BERNING, District Judge, sitting in place of PAULSON, J., disqualified.