KABOB HOUSE, INC.; Stephanie A. Sarabakhsh; Morteza Sarabakhsh, and First Bank of ND, NA; Plaintiffs,

v.

HOUSTON GENERAL INSURANCE COMPANY, Defendant.

No. Civ. A3–96–176.

United States District Court,
D. North Dakota,
Southeastern Division.

April 25, 1997.

John D. Kelly, Vogel, Kelly, Knutson, Weir, Bye & Hunke, Ltd., Fargo, ND, for Plaintiffs.

Brad A. Sinclair, Serkland, Lundberg, Erickson, Marcil & McLean, Ltd., Fargo, ND, for First Bank of ND, NA, Plaintiff.

Thomas Henry Boyd, Winthrop & Weinstine PA, St Paul, MN, Patrick J. Bailey, Andrean Kalemis, Thornton Taylor Downs

Becker Tolson & Doherty, San Francisco, CA, for Defendant.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

Plaintiffs seek declaratory relief and monetary damages for defendant's denial of insurance coverage under the policy issued to Kabob House, Inc. The action was brought in state court and defendant removed to this court. Pending before the court are defendant's motion to dismiss and plaintiffs' motions for partial summary judgment.

### Background

Kabob House, Inc., a North Dakota corporation, formerly operated a restaurant in Fargo, North Dakota. Stephanie Sarabakhsh, Morteza Sarabakhsh, and Zhaleh Sarabakhsh are officers, directors, and shareholders of the corporation. Stephanie and Zhaleh were also employees of the corporation. Kabob House obtained a loan from First Bank, executing a security agreement in favor of First Bank on all Kabob House assets. Stephanie and Morteza guaranteed the loan. Effective October 7, 1995, Kabob House, Inc. purchased insurance from Houston General. The policy excluded coverage for loss resulting from a "dishonest or criminal act" by any employee, director, etc.; however, the exclusion did not apply to "acts of destruction" by employees. The insurance policy was extended by endorsement, entitled "Loss Payable Provisions," to insure First Bank's interests. On October 23, 1995, Zhaleh Sarabakhsh started a fire which destroyed the Kabob House restaurant. She was charged with arson, but charges were dismissed based upon the reports of two psychiatrists. Nevertheless, Houston General denied coverage because Zhaleh "intentionally" set the fire.

Houston General moved to dismiss (doc. # 3), arguing that no coverage exists as a matter of law because the fire was "deliberately" set. Alternatively, Houston General moves to dismiss the claims of Morteza and Stephanie (because they are not "insureds" under the policy) and the bad faith claims. The court will treat the motion as one for summary judgment, as matters outside the pleadings have been submitted. Fed. R.Civ.P. 12(b).

In their response, plaintiffs Kabob House, Inc., Morteza, and Stephanie move for partial summary judgment on the issue of policy coverage (doc. # 8). They argue that the "dishonest or criminal act" exclusion does not apply because 1) Zhaleh's actions were not dishonest or criminal, and 2) Zhaleh's acts were "acts of destruction by an employee" excepted from the exclusion. Plaintiffs also argue that Morteza and Stephanie can recover proceeds as innocent insureds, third party beneficiaries, and/or guarantors of the First Bank loan, and that defendant's delay and ultimate denial of coverage constitutes a breach of the contract and bad faith.

Plaintiff First Bank, in its response, also moves for partial summary judgment on the issue of coverage (doc. # 12). First Bank argues that any insurance policy denying coverage to a mortgagee is invalid under North Dakota law. First Bank also argues it is covered as an innocent co-insured.

### Summary Judgment Standards

Summary judgment is appropriate when "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). A "material" fact is one which might affect the outcome of the case, and a "genuine" dispute exists if a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Defendant must show that the plaintiff's evidence is "insufficient to establish an essential element" of plaintiff's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The evidence must be viewed "in the light most favorable to the nonmoving party." *AgriStor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987).

### Analysis

■ First, Houston General moves to dismiss all claims, asserting that the "dishonest or criminal act" exclusion applies as a matter of law. Conversely, plaintiffs seek summary judgment on the basis that the exclusion does *not* apply as a matter of law. Although the question of coverage under the policy is a legal question, there are significant underlying factual questions as to whether Zhaleh's actions were indeed "criminal" or "dishonest." These questions have

not been adjudicated in the state court, and the decision not to pursue arson charges is not dispositive of this case in plaintiffs' favor. Houston General must recognize, however, that the insurer bears the burden of proof on the affirmative defense of arson as a basis for exclusion of coverage. *E.g.,* 21 Appleman, *Insurance Law and Practice* § 12229, at 252 (1980). The insured is presumed innocent until the contrary is proven by a preponderance of the evidence. *Id.* at 254–55. Thus, Houston General must convince a jury that Zhaleh possessed the requisite intent to make her actions "criminal" or "dishonest." *See, e.g., State Farm Fire & Casualty Co. v. Wicka,* 474 N.W.2d 324, 327–31 (Minn.1991) (discussing standards of intent). This will be difficult in view of the strong evidence of lack of competence provided by Dr. Sharbo and Dr. Kottke. For the present, all parties' summary judgment motions on this issue will be denied.

Second, Houston General moves to dismiss the claims of Morteza and Stephanie, as opposed to Kabob House, Inc. Morteza and Stephanie are not insured under the policy. The only insured party is the corporation, Kabob House, Inc. If Zhaleh's actions were "criminal" or "dishonest," then the corporation is barred from recovery because Zhaleh's actions are attributed to the corporation under the clear language of the insurance policy. Coverage is excluded for any "[d]ishonest or criminal act by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose." Zhaleh is a director of the corporation. Numerous cases articulate common law tests for determining whether the wrongful actions of a corporate officer, director, or shareholder should be attributed to the corporation to bar recovery of insurance proceeds, based on the extent of control possessed by the individual and/or the benefit the individual would receive if recovery were allowed. *See, e.g., K & T Enterprises, Inc. v. Zurich Ins. Co.,* 97 F.3d 171, 177–79 (6th Cir.1996) (discussing cases). This court need not predict how such a test would be applied in this context under North Dakota law, however, because the Eighth Circuit has held that the language of the policy controls in this situation. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 402 (8th Cir.1995). In *RSBI,* arson by an employee was held to bar recovery because the policy excluded coverage for "loss or damage caused by or resulting from any ... dishonest or criminal act ... by the Insured or any associate, officer or employee thereof...." *Id.* The court acknowledged that "common law would not have prevented coverage for acts committed by employees unless the corporation had assented to the acts," but because coverage for such acts was specifically addressed in the insurance policy, the common law rule did not apply. *Id.* Here, the policy clearly excludes coverage for a dishonest or criminal act by a director.

Plaintiffs argue that the exclusion does not bar coverage because Zhaleh's actions fall within an exception to the exclusion for "acts of destruction by your employees." It is true that Zhaleh was an employee of Kabob House, Inc., but she was also an officer, director, and shareholder. When the exception is read in conjunction with the exclusion which immediately precedes it, it is clear that the exception does not apply to an employee who is also a director. The exclusion applies to "partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose." The exception applies only to "employees." If the exception was meant to apply to any act of destruction committed by any of the individuals listed in the exclusion, it would have so stated. Thus, Zhaleh's actions as a director of the corporation will bar recovery if they were criminal or dishonest.

Morteza and Stephanie also assert that they are entitled to recovery as third-party beneficiaries of the insurance policy. They base this argument on the following language in the policy: "Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insured, but only with respect to their liability as stockholders." This language cannot reasonably be interpreted as manifesting an express intention to benefit Morteza and Stephanie, individually, as third-party beneficiaries, as required by N.D.Cent.Code

§ 9–02–04. Their benefit or loss is incidental to the corporation's.

■ Finally, Morteza and Stephanie argue that they can recover as guarantors of the loan from First Bank to Kabob House, Inc. because First Bank is independently entitled to coverage under the "loss payable" endorsement. They argue that the endorsement form was improperly completed, so that an "X" was erroneously placed under "loss payable" instead of "lender's loss payable." Under the "loss payable" provisions, the right of recovery of the loss payee (here, the bank) is dependent upon the insured's right of recovery. Under "lender's loss payable," however, the loss payee may recover as a mortgagee even if the insured's claim is denied. The endorsement clearly indicates that "loss payable" provisions apply, and clearly explains those provisions. Plaintiffs have failed to show why First Bank should not be charged with knowledge of the terms of the endorsement. Thus, First Bank is not independently entitled to recovery on a theory of mistake, and Morteza and Stephanie cannot recover through First Bank on this basis.

■ First Bank also makes the argument that it is independently entitled to recovery, but for a different reason. First Bank acknowledges that the literal terms of the policy endorsement do not allow recovery independent from the insured's right of recovery. However, First Bank argues that these provisions are contrary to North Dakota law. According to N.D.Cent.Code § 26.1–39–06,

> No fire insurance, contract or policy ... may be made, issued, used, or delivered by an insurer or by any agent or representative of the insurer on property in this state other than such as conform in all particulars as to blanks, size of type, context, provisions, agreements and conditions with the 1943 standard fire insurance policy of the state of New York, a copy of which must be filed in the office of the commissioner as the standard policy for this state.

A "standard New York policy" creates an independent contract between the insurer and the mortgagee and mandates coverage for the mortgagee regardless of the acts of the insured. *E.g., American Nat'l Bank and Trust Co. v. Young,* 329 N.W.2d 805, 809–11 (Minn.1983). However, North Dakota law allows waiver of provisions of the statutory form. "An insurance policy in the form prescribed by section 26.1–39–06 is subject to the rules of construction as to its effect or the waiver of any of its provisions which would apply if the form had not been prescribed." N.D.Cent.Code § 26.1–39–08. Interpreting the predecessor of this statute, which was virtually identical to the present form, the North Dakota Supreme Court stated that despite the statutory prescription of the standard policy form,

> a fire insurance policy is nevertheless a contract and the provisions are construed on the same basis as any other written contract. The doctrines of estoppel and waiver are not abrogated and may be applied to the fire insurance policy with the same force and effect as to any other written contract. Further a policy which does not conform with the statute is not void but only voidable.

*Bumann v. St. Paul Fire and Marine Ins. Co.,* 312 N.W.2d 459, 461 (N.D.1981). Also persuasive is *State Securities Co. v. Federated Mut. Implement & Hardware Ins. Co.,* 204 F.Supp. 207 (D.Neb.1960), *aff'd,* 308 F.2d 452 (8th Cir.1962), wherein the mortgagee made the same argument as First Bank makes in this case. The *State Securities* court found that although a Nebraska statute contained language identical to that quoted above from N.D.Cent. § 26.1–39–06, the mortgagee had permissibly contracted for derivative coverage only. *State Securities,* 204 F.Supp. at 223–25. Furthermore, the form used by the parties in this case, like the form used in *State Securities,* was approved by the state insurance commissioner. First Bank cites N.D.Cent.Code § 26.1–39–09, which allows the insurance commissioner to approve policy forms other than the statutory form of § 26.1–39–06, so long as the coverage is not "less" than that of the standard policy. However, First Bank has not shown that this statute is concerned with coverage of a mortgagee as opposed to an insured, or that the form used by the parties in fact provides "less" coverage than the standard form. In light of the *Bumann* and *State Securities* decisions and the approval by the state insurance commissioner of the form used, First Bank's argument is unpersuasive.

Therefore, First Bank is not independently entitled to coverage, and Morteza and Stephanie cannot recover through First Bank as guarantors of the loan.

First Bank also asserts that it should recover through Kabob House, Inc., Morteza and/or Stephanie because of their status as "innocent co-insureds." Essentially, First Bank argues that Zhaleh's actions, if wrongful, should not be attributed to the corporation. The court denied this argument above.

Since the court has denied summary judgment on the issue of coverage, the motions concerning breach of contract, bad faith, and attorneys' fees must also be denied.

*Conclusion*

1) Houston General's motion to dismiss is **GRANTED IN PART** so as to dismiss the claims of Morteza Sarabakhsh and Stephanie Sarabakhsh; otherwise, the motion is **DENIED;**

2) Kabob House, Inc.'s, Morteza Sarabakhsh's and Stephanie Sarabakhsh's motion for partial summary judgment is **DENIED.**

3) First Bank's motion for partial summary judgment is **DENIED.**

**IT IS SO ORDERED.**