198 F.Supp.2d 1105 (2002)
ONE SUZIE-Q CORPORATION, Plaintiff,
v.
SECURA INSURANCE COMPANY, Defendant.
No. 4:99CV1040SNL.
United States District Court, E.D. Missouri, Eastern Division.
April 18, 2002.
*1106 Todd I. Muchnick, Kodner and Watkins, Clayton, MO, for Plaintiff.
Michael B. Maguire, Brown and James, P.C., St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
LIMBAUGH, Senior District Judge.
This matter is before the Court on defendant's motion for summary judgment (# 27). The underlying cause of action alleges breach of insurance contract and vexatious refusal to pay. Defendant denied plaintiff's claim for insurance proceeds following a fire at the insured premises based on an exclusion found in the insurance policy, and the common law defense of arson. Plaintiff argues that an exception to the exclusion prohibits defendant from applying the exclusion, and defendant has not shown any evidence to indicate corporate assent, a necessary element for invoking the common law defense of arson.

Summary Judgment Standard
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). However, summary judgment motions "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop., Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all the information before the court demonstrates that "there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976).
Defendant filed a twenty-four paragraph statement of uncontroverted facts all of which plaintiff admitted in its response. Plaintiff also added six paragraphs of facts which it claims are in dispute. The Court will assume for the purposes of this motion that all facts contained in defendant's "statement of uncontroverted facts," and *1107 plaintiff's "statement of material facts that remain in dispute" are true.

Background
The defendant corporation was formed in 1991 and Lawrence and Joyce Schnapp are the sole shareholders. Lawrence Schnapp purchased property located in Saint Clair, Missouri, on which was located a convenient store. He then incorporated One Suzie Q Corporation, to give his son, Chris Schnapp, a job. Lawrence Schnapp was President and his wife, Joyce Schnapp, was Vice President and Secretary of the corporation. Chris Schnapp was the Assistant Secretary and Treasurer, as well as, the General Manager of the store. He was ultimately in charge at all relevant times, and made all the decisions in respect to the business, including hiring and firing. Lawrence Schnapp would visit the store once per week, and Joyce Schnapp only worked at the store one day. Lawrence Schnapp had no management duties and made no decisions in respect to the corporation. Chris Schnapp procured the insurance policy on behalf of the corporation, and was the authorized representative of the corporation for banking purposes.
Defendant issued a policy of insurance to plaintiff which insured plaintiff against the risk of fire. The policy contained the following exclusion:

B. Exclusions
1. We will not pay for loss or damage caused directly or indirectly by any of the following . . .
f. Dishonesty
Dishonest or criminal acts by you, anyone else with an interest in the property. or any of your or their partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose . . .
This exclusion does not apply to acts of destruction by your employees.
A fire occurred at the insured location on April 9, 1998, during the policy period, causing damage to plaintiff's property. After the fire, plaintiff made a claim for insurance proceeds. Defendant denied plaintiff's claim based on the above policy exclusion and the common law arson defense in that it concluded that Chris Schnapp intentionally burned the insured property.
On December 21, 2000, Chris Schnapp was indicted by a United States District Court Grand Jury for arson based on facts that he maliciously destroyed the insured business. On July 9, 2001, a jury found Chris Schnapp guilty as charged in the indictment. Plaintiff did not assent to the burning of the property, nor did it request or approve of the burning of the property. No shareholders of the corporation have been implicated in the burning of the property, and plaintiff claims that the arson was of no benefit, financially or otherwise, to plaintiff.

Discussion
Defendant denied plaintiff's claim for insurance proceeds based on the "Dishonesty" exclusion found in the insurance policy. Plaintiff argues that the "employee exception" prohibits defendant from applying the "Dishonesty" exclusion to its claim.
Under the plain terms of the insurance policy, plaintiff could not recover insurance proceeds for any dishonest or criminal acts committed by its "partners, employees, directors, trustees, authorized representatives or anyone to whom [it] entrusted the property for any purpose." See RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 402 (8th Cir.1995) (finding the language of a similar insurance provision clear). Plaintiff agrees that "employees," *1108 "authorized representatives," and "anyone to whom the property is entrusted for any purpose" are all "arguably, applicable to Chris Schnapp in his role as general manager of the property." However, plaintiff argues that the clear, unambiguous language of the exclusion makes an exception for acts of destruction by plaintiff's employee.
However, Chris Schnapp was more than a mere employee of plaintiff. He was an officer of the corporation, the corporation's authorized representative and he was entrusted with the property for all purposes. It is clear when reading the "employee" exception in conjunction with the exclusion, that the exception does not apply to an employee who is also an authorized representative or someone to whom the property was entrusted. The exception applies only to "employees." "If the exception was meant to apply to any act of destruction committed by any of the individuals listed in the exclusion, it would have so stated." Kabob House, Inc. v. Houston General Ins. Co., 17 F.Supp.2d 1090, 1092 (D.N.D.1997) (applying RSBI Aerospace to facts very similar to the instant cause of action). Therefore, even if Chris Schnapp is an employee,[1] his actions as an authorized representative and as someone to whom plaintiff entrusted the property will bar recovery of plaintiff's insurance claim.
The Court finds no reason to address the common law arson defense, because defendant has successfully established as a matter of law a defense for plaintiff's claims under the language of the insurance policy. The "Dishonesty" exclusion found in the insurance policy is applicable to the insurance claim made by plaintiff, and therefore, defendant did not breach the insurance contract by denying its claim.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for summary judgment (# 27) is GRANTED.
IT IS FURTHER ORDERED that this cause of action is dismissed with prejudice.
NOTES
[1] Reviewing the facts in the light most favorable to plaintiff, the Court will assume for the purpose of this motion that Chris Schnapp was an employee. However, this fact is in dispute.